## ASHBURY TRUCK CO. v. RAILROAD COMMISSION OF STATE OF CALIFORNIA.

### No. U-II-H

District Court, S. D. California, Central Division.

Aug. 25, 1931.

264

Libby & Sherwin, of Los Angeles, Cal., for plaintiff.

Arthur T. George, Ira H. Rowell, and Roderick B. Cassidy, all of San Francisco, Cal., for defendant.

Before WILBUR, Circuit Judge, and HOLLZER, and COSGRAVE, District Judges.

HOLLZER, District Judge.

Plaintiff is engaged in business as a common carrier of freight by automotive trucks over certain highways in the state of California, and has instituted this bill in equity to enjoin the enforcement of certain orders of the railroad commission of said state, limiting the commodities plaintiff may transport, and also to enjoin said commission from interfering with plaintiff operating under certain prior orders of the commission, vacated by it, and under which prior orders plaintiff contends it acquired a franchise to transport all classes of freight.

The salient facts, as we view them, are not in dispute.

Plaintiff having made application for a certificate to operate as a common carrier of freight by motortruck, said commission, by a decision dated March 31, 1927, declared that "public convenience and necessity require the operation by the Ashbury Truck Company, a corporation, of an automotive freight truck service, on demand, for the transportation of *oil well supplies, heavy machinery, pipe, steel and tanks,* in the territory south of an east and west line drawn through the City of Fresno, excluding, however, any service to San Bernardino and San Jacinto mountain points. * * *" (Italics ours.)

As a part of this decision, said commission ordered that a certificate of public convenience and necessity be granted, *"in conformity to the foregoing declarations and not otherwise,"* to the plaintiff herein. (Italics ours.)

In the course of its opinion, which was included with said decision, the commission declared: "Witnesses called in behalf of this applicant, testified as to the need for the proposed service with reference only to transportation of *pipe steel, tanks, oil well supplies and machinery."* (Italics ours.)

Certain protestants having objected to the foregoing decision and order, said commission, on June 9, 1927, denied their petition for a rehearing, and made a supplemental order, declaring, in substance, that public convenience and necessity required the operation, by plaintiff of an automobile truck service "for the transportation of *oil well supplies, heavy machinery, pipe, steel and tanks* on the following described routes: (Here followed specifications describing eleven different routes) *"together with the right to transport freight in truck load quantities* with a minimum load of 4000 pounds

between any terminus or intermediate point on any of the above mentioned routes," etc. (Italics ours.)

Shortly thereafter, these protestants petitioned the Supreme Court of California for a writ to review said orders of March 31 and June 9th, the parties to the present bill being the respondents in said proceeding. Before any hearing could be had thereon, said commission, on July 16, 1927, made an order reopening plaintiff's application for further hearing and determination, and directing such further hearing to be held on August 9, 1927.

On the date fixed for such further hearing, plaintiff appeared and, without objection, participated in the proceedings had therein.

At the outset thereof, the commission's examiner called attention to the filing of said petition for a writ of review, also pointed out that said petition requested annulment of the order granting to plaintiff a certificate of public convenience and necessity, and further announced that the commission had decided to "reopen this matter to determine whether * * * the former order of the Commission granting the certificate should be revoked."

To this announcement, counsel for the plaintiff responded: "We * * * are prepared to proceed along those lines * * * and we are now in the position of an applicant."

Thereupon, the examiner, after stating that the petitioners in the matter before the Supreme Court were contending that the plaintiff herein was not operating usually and ordinarily between fixed termini or usually and ordinarily over a regular route, added that "since that is the contention, I think the testimony that is presently to be adduced should be along the line of whether or not the operation falls within that category."

Following these exchanges of views between the examiner and counsel, evidence was introduced on behalf of the plaintiff herein. During the course of such hearing, plaintiff's counsel declared: "It is our contention that even at this time, Mr. Examiner, there is a pending application before the Commission. * * * Secondly, the Commission can, at this time, and as a result of this hearing, if it does decide that Mr. Ashbury's operations are over regular routes, and between fixed termini, grant a certificate as a result of this hearing, regardless of anything that may have gone before." After

some argument between counsel, the examiner added: "My understanding is, the *sole object of this hearing is to determine whether or not the Commission committed error in granting the certificate.*" (Italics ours.)

On August 16, 1927, the commission entered an order rescinding its decisions of March 31, 1927, and June 9, 1927, so far as the same were applicable to plaintiff's application for a certificate to operate.

Plaintiff was given prompt notice of the entry of said last-mentioned order, but it neither applied to said commission for a rehearing thereon, nor did it petition the Supreme Court of California to review the same.

On December 1, 1927, said commission rendered its decision upon the matters reviewed at the hearing held August 9, 1927. In the course of its opinion, the commission declared that the certificate originally granted to plaintiff was modified by the decision of June 9, 1927, so as to authorize plaintiff to operate on eleven specifically designated routes; that as a result of such further hearing, the commission had concluded that plaintiff had been operating usually and ordinarily upon said eleven routes, and that public convenience and necessity required the service over said routes "for the class of commodities set forth in said order."

Accordingly, by said decision the commission made an order declaring that public convenience and necessity required the operation by plaintiff "of an automotive truck service, on demand, for the transportation of *oil well supplies, heavy machinery, pipe, steel and tanks,* on the following described routes: (here followed specifications describing the eleven routes designated in the supplemental order of June 9, 1927), and serving all intermediate points and termini on all the hereinabove described routes, together with the right to transport the above-named commodities in truck load quantities with a minimum load of 4,000 pounds between any terminus or intermediate points on any of the above mentioned routes," etc. (Italics ours.)

By said decision, it was further ordered that a certificate of public convenience and necessity be granted to plaintiff in accordance with the declarations contained therein, subject to certain conditions which, among others, provided that plaintiff should file its written acceptance of the certificate thereby granted, and should file its tariff of rates and time schedules.

Plaintiff neither applied to said commission for a rehearing of said last-mentioned

decision and order, nor did it petition the Supreme Court of California for a writ to review same, but, on the contrary, in December, 1927, filed a written acceptance thereof.

In the same month, plaintiff filed a tariff of rates and time schedules, such tariff purporting to cover all classes of commodities. Said commission promptly notified plaintiff of the rejection of the proposed tariff, and directed the latter to file a new tariff, so that the same would apply only to the commodities specifically enumerated in its decision of December 1, 1927. Thereafter, plaintiff filed a tariff covering only the commodities mentioned.

In February, 1929, plaintiff filed with said commission a supplemental application wherein the former alleged that it was operating under certificates granted pursuant to the decisions entered March 31, June 9, December 1, 1927, respectively; that the decision of June 9, 1927, while naming the specific routes for the transporting of oil well supplies, heavy machinery, pipe, steel, and tanks, also granted to plaintiff the added right to transport freight in truck load lots, minimum 4,000 pounds interdivisionally; and that the decision of December 1, 1927, according to the interpretation placed upon it by the commission's tariff and auto stage departments, did not cover the operations intended, improperly restricted the territory which was to be served, and erroneously prevented plaintiff from rendering the service for which authority was originally granted. Accordingly, in this supplemental application, plaintiff requested that if the commission concluded that the interpretation of its tariff and auto stage departments was correct, the commission reconsider the same, and clarify and amend its order.

On March 9, 1931, after hearing had upon said supplemental application, said commission rendered its decision, holding, in substance, that the supplemental order rendered June 9, 1927, modified its order of March 31, 1927, only to the extent of defining the eleven routes upon which plaintiff was authorized to operate pursuant to its first decision; that the right to transport all commodities, and in any quantity, was never granted to plaintiff, nor was authority conferred for the transportation of any commodity to any point located off the highway between termini on the eleven authorized routes; that the determination of the commission was that public convenience and necessity required the establishment of an "on-call" truck service, over the specific routes and intermediate points on

such routes in truck load lots with a minimum load of 4,000 pounds, of the specific commodities of oil well supplies, heavy machinery, pipe, steel and tanks"; that the transportation of any other commodities by plaintiff or in any manner other than authorized by the existing certificate was not permissible; and that should plaintiff desire to expand the certificate to cover all commodities, or to serve points any distance on either side of the main highway on the routes specifically authorized, etc., application should be made for a certificate covering the same.

A petition for a rehearing of said last-mentioned decision was denied by the commission.

Plaintiff contends that by the order of March 31, 1927, and the order supplemental thereto, dated June 9, 1927, it acquired a franchise to operate as a common carrier for the transportation of all classes of freight by automotive trucks over certain highways in California; that such franchise became a vested property right, upon the expiration of thirty days after the making of said orders; that the defendant commission had no jurisdiction or authority to make an order reopening for further hearing plaintiff's application for a certificate to operate, and likewise had no jurisdiction or authority to conduct such further hearing, or to make the order rescinding its decisions of March 31, and June, 1927, respectively, or to make the orders of December 1, 1927, and March 9, 1931, restricting plaintiff's service to the transportation of the particular commodities specifically named therein. Accordingly, it is argued that the acts of the commission, and all of its orders, subsequent to those of March 31, and June 9, 1927, respectively, are violative of plaintiff's rights, and in contravention of the Fourteenth Amendment to the Constitution of the United States.

It is the contention of the defendant commission that in vacating the orders above mentioned, it acted only after granting to plaintiff a hearing thereon and in accordance with the authority vested in said commission; likewise that, although notified thereof, plaintiff failed to petition for a rehearing on the same as required by the Public Utilities Act of California (St. Cal. 1915, p. 160, § 66); that the orders, the enforcement of which plaintiff seeks to enjoin, were made pursuant to authority vested in said commission; that plaintiff failed to petition for a rehearing respecting said last-mentioned orders as required by said Public Utilities Act; that plaintiff accepted said orders and

has failed to avail itself of the remedies which it might have exercised under the laws of said state to review said orders; that the plaintiff has not acted diligently in seeking to enjoin the enforcement of said orders, but has been guilty of laches in that regard.

It is well settled that the use of public highways to conduct the business of a common carrier for hire is a privilege which may be granted or withheld by the state in its discretion, without violating any provision of the Federal Constitution. Packard v. Banton, 264 U. S. 140, 144, 44 S. Ct. 257, 68 L. Ed. 596.

It is equally clear that no judicial review may be had on matters of discretion.

It is likewise obvious that the only right which plaintiff could acquire to operate as a common carrier upon the highways of California would be such as the defendant commission might award to it under a certificate of public convenience and necessity.

In the action at bar, if, upon plaintiff's application for a certificate, the defendant commission had decided to grant a certificate limiting the former to the transportation of oil well supplies, heavy machinery, pipe, steel, and tanks, and if no further order had been made thereon, it readily would be conceded that the plaintiff would have been bound thereby, and could not have been heard to attack such decision in this court.

So far as the commission's original decision is concerned—namely, the order of March 31, 1927—certainly nothing can be found therein which authorizes the plaintiff to transport all classes of freight, or, indeed, any commodities except those heretofore mentioned specifically.

It is insisted, however, that the latter decision must be read in conjunction with the supplemental order of June 9, 1927, and that these two orders, construed together, constituted the granting of a franchise to transport all classes of commodities. From this premise, it is argued that such franchise became a vested right which could not thereafter be abridged, except for a violation by the plaintiff of some law, or some regulation of the commission, and then only after a hearing upon notice requiring it to defend against such a charge.

Conceding, for the purpose of this litigation, that the certificate awarded to plaintiff under the decision of March 31, 1927, became a vested right, we are unable to agree with the construction plaintiff has sought to give the same by virtue of the supplemental order of June 9, 1927.

That the commission has placed no such construction upon these orders is abundantly shown by the record herein, and particularly by its decisions of December 1, 1927, and March 9, 1931, respectively.

As heretofore pointed out, in the very opinion which was included in its decision of March 31, 1927, the commission made a finding to the effect that the evidence offered in support of plaintiff's application referred "only to transportation of pipe, steel, tanks, oil well supplies and machinery."

In view of this finding, not only was the commission justified in awarding plaintiff a certificate to operate as a common carrier for the transportation of only the commodities specifically mentioned in its decision, but there was no finding which would have supported an order authorizing the latter to transport all classes of freight.

It is not contended that any additional evidence was introduced before the commission between the date when its original decision was rendered, and the date upon which the supplemental order was issued.

Hence, upon the record before it, the commission would not have been warranted in modifying its original decision so as to enlarge the classes of commodities which the plaintiff was authorized to transport.

Furthermore, when we come to consider what led to the making of the supplemental order, it becomes apparent at once that the commission's sole purpose in issuing the same was to prescribe the specific routes—eleven in number—upon which plaintiff would be allowed to operate as a common carrier. In other words, by this supplemental order, the commission undertook to meet the only objection upon which it felt its original decision might be attacked, in the Supreme Court of California, not, however, by the plaintiff, but by those who had protested against awarding any certificate to the latter, namely, the objection that the decision failed to define such routes.

It was only natural, therefore, that in its decisions of December 1, 1927, and March 9, 1931, respectively, the commission should construe its original decision, and its order supplemental thereto, as the grant of a certificate to plaintiff to operate as a common carrier for the transportation of the commodities specifically named therein, and no other classes of freight.

■ Since the original decision, read in conjunction with the supplemental order, reasonably lends, itself to this construction, and inasmuch as the defendant Commission has so construed the same, we hold such construction is binding upon us.

■ Assuming, however, that the decision of March 31, 1927, because of the order made supplemental thereto, might fairly be construed to grant to plaintiff the right to transport all classes of commodities, nevertheless, with plaintiff's consent, the commission reopened for further hearing the matter of the former's application for a certificate, "to determine whether * * * the former order of the Commission granting the certificate should be revoked."

Not only was the plaintiff represented at such further hearing, but it participated fully therein, by introducing evidence in support of its application.

At that hearing, plaintiff was fully apprised of the pendency of a proceeding instituted against it and said commission before the Supreme Court of California to annul the order granting it a certificate, and, through its counsel, declared its willingness to proceed as one "in the position of an applicant."

Regardless, therefore, whether a formal complaint should have been filed with the commission attacking plaintiff's right to such certificate, or whether it should have received notice to defend against such complaint, the fact remains that the plaintiff consented to what might be termed a hearing de novo before the commission upon its application for a certificate.

That the plaintiff could waive such requirements of procedure, and could submit itself to the jurisdiction of the commission to determine anew the matter of its application for a certificate, we have no doubt.

No contention is made in the instant case that at such hearing de novo the plaintiff was prevented from introducing any evidence in support of its application, or in any respect deprived of the opportunity to present its application fairly and fully upon the merits.

■ To meet the requirements of due process of law, an administratrive body, such as the defendant commission, need not follow any particular form of procedure. While it is essential that before one's rights are determined a hearing of some kind must have been accorded, it is sufficient if the party affected is apprised of the nature of the hearing, and is afforded the opportunity to offer evidence and to examine that of the opposition.

Where such a hearing has been accorded, if no bias or fraud is shown, and if there is substantial evidence to support the same, the findings of an administrative body upon any matter within its jurisdiction are conclusive upon all parties, and are not subject to judicial review. Interstate Commerce Commission v. Louisville & N. R. Co., 227 U. S. 88, 33 S. Ct. 185, 57 L. Ed. 431; Los Angeles Switching Case, 234 U. S. 294, 34 S. Ct. 814, 58 L. Ed. 1319.

A judicial review of administrative action is limited to those cases where the record discloses either that the procedure followed contravenes those principles of fairness and justice required by due process of law, or that the administrative body involved has exceeded its jurisdiction.

The following language, quoted from the dissenting opinion of Mr. Justice Bradley in Chicago, etc., Railway Co. v. Minnesota, 134 U. S. 418, 465, 10 S. Ct. 462, 33 L. Ed. 970, is pertinent: "It is complained" says Mr. Justice Bradley, "that the decisions of the board are final and without appeal. So are the decisions of the courts in matters within their jurisdiction. There must be a final tribunal somewhere for deciding every question in the world. Injustice may take place in all tribunals. All human institutions are imperfect—courts as well as commissions and legislatures. Whatever tribunal has jurisdiction, its decisions are final and conclusive unless an appeal is given therefrom."

■ In the action at bar, the plaintiff submitted de novo its application for a certificate to the only administrative body having jurisdiction to grant the same, namely, the defendant herein; it has been accorded a hearing thereon in conformity with the requirements of due process of law; and the commission has made its findings and decision therein.

No contention is made that such findings and decision are tainted with fraud or bias, nor can it be seriously urged that there is no substantial evidence supporting the same. Under these circumstances we hold that plaintiff has had its day in court, and may not now be heard to complain. Vandalia R. Co. v. Public Service Comm., 242 U. S. 255, 260, 37 S. Ct. 93, 61 L. Ed. 276.

■ Furthermore, it is admitted that, although under the laws of California the plaintiff had the right to apply to the defendant for a rehearing upon the orders of Au-

gust 16 and December 1, 1927, respectively, by which orders it is claimed that plaintiff's right to a certificate was determined under conditions violative of its alleged vested rights, and although the latter was entitled to apply to the highest court of that state for relief in the event of a denial of a rehearing, nevertheless the plaintiff failed to resort to these remedies. Having neglected to avail itself of the remedies provided by the state law (St. Cal. 1915, p. 160, §§ 66, 67) for the correction of the alleged wrongful orders complained of, it follows that the bill filed herein is without equity. Mellon Co. v. McCafferty, 239 U. S. 134, 136, 36 S. Ct. 94, 60 L. Ed. 181.

Plaintiff's application for an injunction is therefore denied, and defendant's motion to dismiss the bill is granted.

WILBUR, Circuit Judge, and COSGRAVE, District Judge, concur.