# VANDALIA RAILROAD COMPANY *v.* PUBLIC SERVICE COMMISSION OF INDIANA, AS THE SUCCESSOR OF THE RAILROAD COMMISSION OF INDIANA.

ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 81. Submitted November 6, 1916.—Decided December 11, 1916.

Prior to the Act of March 4, 1915, c. 169, 38 Stat. 1192, and after the Act of February 17, 1911, c. 103, 36 Stat. 913, the state police power extended to the regulation of the character of headlights used on

locomotives employed in interstate commerce. *Atlantic Coast Line* v. *Georgia*, 234 U. S. 280.

A judgment which correctly refused injunctive relief against such state regulation may not be attacked on writ of error as a judgment infringing federal rights (Judicial Code, § 237), upon the ground that the same field of regulation has since been occupied by the federal Government under an act of Congress enacted after the judgment was rendered.

The question whether, because of the Act of 1915, *supra*, or action of the Interstate Commerce Commission thereunder, further enforcement of the order of the state commission here involved would infringe the plaintiff's rights, may be raised and determined in another action without prejudice from this one.

An order of a state commission requiring a carrier to equip its locomotives with headlights of a specified minimum candle-power is not objectionable as lacking due process, when made on notice and full hearing, and where the law under which the commission acted afforded opportunity for review in the courts, of which the complaining carrier availed itself.

Complaint that such an order is so indefinite and uncertain as to amount to a denial of due process will not be heard where the party complaining failed to take advantage of a legal opportunity to have the order revised through a rehearing before the commission.

182 Indiana, 382, affirmed.

THE case is stated in the opinion.

*Mr. Samuel O. Pickens, Mr. F. D. McKenney, Mr. D. P. Williams* and *Mr. Owen Pickens* for plaintiff in error.

*Mr. Evan B. Stotsenburg*, Attorney General of the State of Indiana, *Mr. Bert Winters, Mr. Burt New*, and *Mr. Wilbur T. Gruber* for defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

The Railroad Commission of Indiana was created and broad powers were conferred upon it by an act approved February 28, 1905, and an amendatory act approved March 9, 1907. Acts 1905, p. 83; Acts 1907, p. 454; Burns'

Ann. Ind. Stats. 1908, §§ 5531 *et seq.* By a later act (Acts 1909, p. 323), the Commission was specifically authorized and directed to investigate the condition and efficiency of headlights then in use on locomotive engines on the railroads in the State, determine the most practicable and efficient headlight for all purposes, and make and enforce against the railroad companies the necessary orders for the installation of such headlights. Pursuant to this authority it conducted an investigation, upon notice to plaintiff in error and all other steam railroad companies operating in the State, the result of which was an order, made January 6, 1910, reciting the investigation, declaring that the oil headlights commonly in use were inadequate for the protection of persons and property, and ordering that all engines used in the transportation of trains over any line of railroad in the State should be equipped "with headlights of not less than fifteen hundred candle power." About one month thereafter plaintiff in error brought an action in a state court of competent jurisdiction seeking to enjoin enforcement of the order upon the ground that the Act of 1909 and the order made pursuant to it were repugnant to the "commerce clause" of the Constitution of the United States and the statutes enacted thereunder, and to the "due process clause" of the Fourteenth Amendment. Among other grounds of attack it was averred that the order was so vague, indefinite, and uncertain in its description of the headlight required as to be meaningless and void, because it failed to specify at what distance from the source of light the illuminating power was to be measured, and whether it was to be determined by averaging the intensity of the light at a given distance from its source, and if so at what distance; that the order did not specify the character of the reflector, nor whether the required candle-power might be developed by reflectors or lenses, or whether the light must be of 1500 candle-power independent of such lenses or re-

flectors; it being averred that each of these elements was an essential factor in the ascertainment and measurement of the illuminating capacity of headlights, and that there was no known standard by which such capacity might be measured and expressed in terms of candle-power in the absence of those factors. From an amended complaint, and from the Commission's answer thereto, it was made to appear that after the making of the order Mr. Houghton, chairman of a committee appointed to represent the plaintiff and the other railroad companies named in the order with respect to presenting a petition to the Commission for a modification of its provisions, made written application to the Commission for a suspension of the order and a further hearing upon the subject; that the Commission replied that under the statute and the practice of the Commission it had authority to alter, change, or modify any final order made by it, and that the Commission would not suspend the order in question, but would treat Mr. Houghton's communication as an application for its modification, and specifying a time for the hearing of that application; that on the date specified the carriers appeared by Mr. Houghton, chairman of the committee, and by counsel, and withdrew the application for modification, whereupon it was dismissed. Plaintiff demurred to the answer, the demurrer was overruled, and, plaintiff refusing to plead further, final judgment was rendered against it, and, on appeal, this was affirmed by the Supreme Court of Indiana; that court holding that plaintiff's complaint did not show ground for the relief sought. 182 Indiana, 382. The case comes here upon the federal questions, under § 237, Jud. Code.

So far as the attack upon the Act of 1909 and the order made pursuant to it is based upon interference with interstate commerce, it very properly is conceded that, but for a recent act of Congress, the case would be controlled by *Atlantic Coast Line R. R. Co.* v. *Georgia,* 234 U. S. 280, 290,

where it was held that in the absence of federal legislation the States are at liberty, in the exercise of their police power, to establish regulations for securing safety in the physical operation of railroad trains within their territory, even though such trains are used in interstate commerce, and that (p. 293) the Safety Appliance Acts of Congress, since they provided no regulations for locomotive headlights, showed no intent to supersede the exercise of state power with respect to this subject.

But it is insisted that this decision is no longer controlling, because Congress has since then "exercised its power as to equipment over the entire locomotive and tender and all parts and appurtenances thereof." The reference is to the Act of March 4, 1915, c. 169, 38 Stat. 1192, amendatory of the Act of February 17, 1911, requiring common carriers engaged in interstate commerce to equip their locomotives with safe and suitable boilers and appurtenances thereto, c. 103, 36 Stat. 913. The latter act was among those referred to in the *Georgia Case*, and held not to oust the authority of the State because it did not appear either that Congress had acted, or that the Interstate Commerce Commission, under the authority of Congress, had established any regulations concerning headlights. The amendment of 1915 extends the provisions respecting inspection, etc., to the entire locomotive and all its appurtenances. Whether those provisions authorize the Interstate Commerce Commission to prescribe any particular type of headlight, or other appliance, is a question upon which we need not now pass, for the reason that the decision of the Supreme Court of Indiana, refusing an injunction to restrain the enforcement of the state commission's order, was rendered and judgment thereon entered before the passage by Congress of the act referred to. Obviously, we cannot say that by that decision and judgment any right of plaintiff in error under a law of the United States was infringed, within the mean-

ing of § 237, Jud. Code, when the law creating the supposed right was not enacted until after the judgment. If, however, by virtue of the provisions of the Act of 1915, or of any action heretofore or hereafter taken by the Interstate Commerce Commission under it, plaintiff in error is entitled to an injunction against the further enforcement of the order of the state commission, that right may be asserted in another action and will not be prejudiced by our present decision.

With respect to the question of due process of law, it is unnecessary to determine whether the Fourteenth Amendment requires that state action, legislative in its nature, of the character of the order of the Railroad Commission, shall be preceded by notice and an opportunity for a hearing. In the case before us, the Supreme Court of Indiana construed the Act of 1909 as supplemental to the Act of 1905, which, as amended in 1907 (Acts 1907, p. 469, § 6; Burns' Ann. Ind. Stats. 1908, § 5536), gave to any carrier or other party dissatisfied with any order made by the Commission a right to resort to the courts in an action to suspend it or set it aside. Since the order in question was made after notice and a full hearing, and plaintiff in error had and exercised the right to a judicial review by action at law, we concur in the view of the state court that there has been in this respect no deprivation of property without due process of law.

The only other point requiring mention is the insistence that the order is so indefinite and uncertain in its terms as not to furnish an intelligible measure of the duty of plaintiff in error, and is therefore a denial of due process of law. Upon this point the state court held, following its previous decision in *Chicago &c. R. Co.* v. *Railroad Comm.*, 175 Indiana, 630, 638, that the Railroad Commission itself, by virtue of the act, had power to grant relief through a rehearing, and that without first resorting to that method of procedure plaintiff in error was not entitled to have the

order set aside by the courts. The general rule is that one aggrieved by the rulings of such an administrative tribunal may not complain that the Constitution of the United States has been violated if he has not availed himself of the remedies prescribed by the state law for a rectification of such rulings. *Bradley* v. *City of Richmond*, 227 U. S. 477, 485. And since the record shows that plaintiff in error and its associates were accorded a rehearing upon the very question of modification, but abandoned it, nothing more need be said upon that point.

*Judgment affirmed.*

MR. JUSTICE CLARKE took no part in the consideration or decision of this case.