## COLUMBIA RY., GAS & ELECTRIC CO. v. BLEASE et al.

District Court, E. D. South Carolina.
Aug. 13, 1927.

464

⊙⟶19½.

Elliott & McLain, of Columbia, S. C., for plaintiff.

Jno. M. Daniel, Atty. Gen., Cordie Page, Asst. Atty. Gen., and Melton & Belser and H. N. Edmunds, all of Columbia, S. C., for defendants.

ERNEST F. COCHRAN, District Judge.

The plaintiff filed its bill seeking to enjoin the defendants from the enforcement of Order No. 356 of the Railroad Commission of South Carolina, and has made an application for an interlocutory injunction. The plaintiff also moved for a restraining order until a court of three judges could be assembled for the hearing of that application. A rule was issued requiring the defendants to show cause why a court of three judges should not be convened for the hearing of the application for an interlocutory injunction, and why the restraining order should not be issued in the meantime. The defendants have made their return to the rule, and a hearing has been had upon these two questions.

As to the first question, I am satisfied that the application for the interlocutory injunction must be heard before three judges, as required by section 266 of the Judicial Code, as amended (28 USCA § 380). The bill is based upon the alleged unconstitutionality of the order. Section 266, as amended, is mandatory, and requires this court, upon an application for an interlocutory injunction, to call to its assistance two other judges as provided in that section. Both parties have a right that all questions involved in the application for an interlocutory injunction shall be heard by three judges, and, where an application for an interlocutory injunction is made, the hearing upon the merits must also be before three judges. I deem it, therefore, my duty to call to my assistance, as provided in that section, two other judges as speedily as possible for the hearing of the application for the interlocutory injunction.

Upon the question of whether this court should now issue a restraining order until the application for the interlocutory injunction shall be heard before three judges, the defendants in their return have set forth various reasons why the restraining order should not be issued, and I shall examine these grounds as briefly as practicable.

The return shows that there is now pending in the Supreme Court of South Carolina a proceeding by way of mandamus to compel plaintiff to resume its street car service, and the defendants claim that this court should not assume jurisdiction or at least should

stay proceedings until this case is disposed of, relying on section 266 of the Judicial Code, as amended. I do not think that the pendency of the mandamus proceeding in the state court should prevent this court from issuing a restraining order. The mandamus proceeding is not to compel plaintiff to obey Order No. 356, but to compel it to resume service on other grounds. Moreover, there has been no stay of Order No. 356 pending the final determination of the mandamus proceedings, and under section 266, as amended, such stay is essential to arrest proceedings in this court. Dawson v. Kentucky Distilleries Co., 255 U. S. 288, 297, 41 S. Ct. 272, 65 L. Ed. 638. It was suggested that the Attorney General might amend his petition for mandamus in the state Supreme Court, and bring Order No. 356 within the purview of that case, and also obtain a stay of the enforcement of that order. If this should be done before the application for the interlocutory injunction is heard, it would appear to comply with the requirements of section 266, and make proper a stay in this court. But that question is not now presented, and no final ruling will be made until it is presented.

It was also argued that this court should not assume jurisdiction while the mandamus proceeding is pending in the state court, on the ground of comity. The rule as between federal and state courts is something more than comity. It is a principle of right and law and of necessity. In Covell v. Heyman, 111 U. S. 176, 4 S. Ct. 355, 28 L. Ed. 390, and numerous cases since that time, and quite recently in the case of Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077, the Supreme Court has laid down the principles which should govern in such cases. See Mace v. Mayfield (D. C.) 10 F.(2d) 231, 233, where the writer of this opinion discusses the principles involved. It is unnecessary to repeat that it is the policy of this court to be guided by those principles and to avoid all unseemly conflicts with the state court. But the basis of the rule is the avoidance of conflict. In this case there is no reason for conflict. The mandamus proceeding in the state court at present has no concern with Order No. 356. If this court should enjoin the enforcement of Order No. 356, it would not prevent the state court in the mandamus proceeding requiring service to be restored under its general powers without regard to Order No. 356, and, conversely, if the state court in the mandamus proceedings should order such restoration under its general powers, it would not prevent this court from enjoining proceedings under said Order No. 356. For these reasons I do not think the pendency of the mandamus proceedings in the state Supreme Court should prevent me from issuing the restraining order.

The defendants also argue that the application is premature on the ground that the plaintiff has not exhausted its remedies by obtaining a review of the order of the commission in the state court as provided by section 924 of the Acts of the General Assembly of South Carolina March 24, 1922, § 1 (32 St. at Large, pp. 940–943). But, as I construe that act, the review granted is not a review of any legislative or administrative function of the commission, but is purely judicial. In other words, when the commission has acted, the legislative and administrative functions are ended, and the party has a right under the act to apply to the court of common pleas for a review upon judicial grounds. In such case the party is not obliged to exhaust the remedy in the state court. Prentis v. A. C. L., 211 U. S. 210, 229, 29 S. Ct. 67, 53 L. Ed. 150; Bacon v. Rutland R. R., 232 U. S. 134, 137, 34 S. Ct. 283, 58 L. Ed. 538; Oklahoma Gas Co. v. Russell, 261 U. S. 290, 293, 43 S. Ct. 353, 67 L. Ed. 659; Prendergast v. Telephone Co., 262 U. S. 43, 48, 43 S. Ct. 466, 67 L. Ed. 853.

Under the authority of these cases, I do not think the restraining order should be refused on the ground that the plaintiff has not applied to the state court to review Order No. 356.

The defendants further argue, however, that the application is premature because the plaintiff has not exhausted its remedy before the Railroad Commission by applying to that commission for a rehearing. The act cited above provides that the party may apply for a rehearing and that no cause of action arising out of the order shall accrue unless such application has been made. It appears that the time for applying for such rehearing has not yet expired. This presents a very difficult question. It is true that the Supreme Court in Prendergast v. Telephone Co., supra, held that such application in the case then before it was not necessary. But in that decision the court apparently intended to distinguish the case of Palermo Water Co. v. Railroad Commission (D. C.) 227 F. 708, on the ground that the statute in the latter case specifically provided that no cause of action should accrue in any court out of any order of the commission unless an application for a rehearing had been made. It would seem that the court considered the de-

cision in Palermo Water Co. v. Railroad Commission as correct, because of the specific provisions of the statute. In this respect the statute in the case of Palermo Water Co. v. Railroad Commission is exactly the same as the statute of South Carolina in the present case. It is true that in the present case the commission first passed an order substantially the same as the present order requiring a restoration of service, and then upon the petition of the plaintiff a rehearing was granted and resulted in an order reversing that order and allowing a discontinuance, and then, upon the petition of the Attorney General for rehearing, which was granted, the commission passed the present order. Nevertheless, it is not clear that the commission would not upon a petition for rehearing rescind the present order. While, therefore, I shall base my refusal to grant the restraining order in part upon the fact that the plaintiff has not made this application for rehearing to the Railroad Commission, it will be without prejudice to the plaintiff to renew its motion when it is shown that the application for rehearing has been made to the commission and denied, or that it would be useless to make the application. It has been suggested that the commission would have no power to grant a supersedeas pending the application before it for rehearing, but I think that it is implied in the power to grant a rehearing that the commission may suspend the order until the question of rehearing can be decided. If, however, the commission should refuse to grant a rehearing or should refuse to grant a stay pending the rehearing, the plaintiff would be allowed to renew its motion for a restraining order upon such showing.

But there is another ground upon which I think it proper to refuse for the present to grant the restraining order. The defendants in their return assert that they have no intention of enforcing Order No. 356 until the Supreme Court has acted in the mandamus case, and even then not to enforce it, if the Supreme Court should decide adversely to their contention in the mandamus proceeding. In addition to this, there is grave doubt in my mind as to whether the plaintiff has shown that any irreparable injury will result from a refusal to issue the restraining order. It would appear from the statutes cited that, in case of a refusal to obey the order, the only remedies for its enforcement are a penalty of $500 (section 4819, Code of South Carolina, 1922, vol. 3) and by mandamus and contempt proceedings (section 4888, Code of South Carolina, 1922, vol. 3). If these are the only remedies, the plaintiff could assert its rights in an action brought for the penalty and also in the action of mandamus, and there would be no necessity for a resort to equity and an injunction. The plaintiff insists that under sections 4885, 4886, 4888, 4954, 5006, 5007, 5008, 5010, 5011, 5013, and 5059, of the Civil Code of 1922, it would be liable to heavy recurring penalties for failure to comply with the order. But it is extremely doubtful whether these sections have any application to the present case. The case as now presented does not appear to show that the plaintiff will be subject to heavy recurring penalties, or to a multiplicity of suits, or to such an exorbitant penalty that it could not safely risk incurring it, which are the usual grounds upon which injunctions in such cases are based. It does not seem to me that the plaintiff is in any immediate danger of irreparable injury, and I think the restraining order should be refused on that ground also, without prejudice, however, to the plaintiff to renew the motion for the restraining order, in case it shall develop that there is immediate danger of irreparable injury.

These views are expressed only upon the motion for a restraining order. They are not binding, of course, upon the court of three judges, when convened, or any member of that court. In other words, the plaintiff will be at liberty to present to that court all of its grounds for relief the same as if this order had not been made.

It is therefore ordered, adjudged, and decreed that the application for an interlocutory injunction should be heard before three judges, as provided by section 266 of the Judicial Code, as amended, and the court will call to its assistance two other judges as provided in that section, and set the application down for hearing at the earliest possible time.

It is further ordered, adjudged, and decreed that the motion for a restraining order pending the hearing on the application for an interlocutory injunction before three judges be, and the same is hereby, refused, without prejudice, however, to the right of the plaintiff to renew its motion in accordance with the views hereinabove expressed.