**PENDER COUNTY et al. v. GARYSBURG MFG. CO.**

No. 3120.

Circuit Court of Appeals, Fourth Circuit.

June 17, 1931.

C. E. McCullen, of Burgaw, N. C., for appellants.

George Rountree and J. O. Carr, both of Wilmington, N. C. (F. S. Spruill, of Rocky Mount, N. C., on the brief), for appellee.

Dennis G. Brummitt, Atty. Gen., of North Carolina (Frank Nash, Asst. Atty. Gen., and Walter D. Siler, Asst. Atty. Gen. for North Carolina State Board of Assessment, on the brief), on behalf of North Carolina State Board of Assessment, as amicus curiæ.

Before PARKER and NORTHCOTT, Circuit Judges, and ERNEST F. COCHRAN, District Judge.

NORTHCOTT, Circuit Judge:

Appellee, the Garysburg Manufacturing Company, is a North Carolina corporation with its place of business in the county of Pender, and J. T. Brown is sheriff and tax collector of said county.

The Garysburg Manufacturing Company is the owner of certain shares of stock in the Argent Lumber Company, a South Carolina corporation, having a place of business in the town of Hardeeville, in the county of Jasper, in the state of South Carolina, of the par value of $225,000, which stock was and is actually worth that sum.

The manufacturing company duly filed with the state board of assessment for the

state of North Carolina its annual report for the year 1925, by which it was shown that the total actual cash value of its capital stock for that year was $350,000; that the assessed value of its real estate listed with local assessors was $21,855, and the assessed value of personal property listed with local assessors was $88,701.63, aggregating $110,-556.63, which, deducted from the total valuation of $350,000, left a "corporate excess" of $239,443.37, and the state board of assessment accepted the report as correct, both as to the items of property and their valuation, and certified down to the county of Pender an account showing that the "corporate excess" of appellee amounted to the sum of $239,443.37.

In the account so certified by the state board of assessment was included the said 225 shares of the capital stock of the Argent Lumber Company.

Upon this valuation of $239,443.37, reported by the manufacturing company and accepted by the state board of assessment, and so certified down by the state board of assessment, the county of Pender levied a tax upon the sum of $239,443.37, at the rate of 2 per cent.—making $4,788.86.

The manufacturing company declined to pay this sum, but offered to pay the tax at the rate of 2 per cent. on $14,443.37, the amount of the "corporate excess," less the value of the shares of stock in the Argent Lumber Company, of South Carolina, upon the ground that the 225 shares of stock was property owned by the manufacturing company in a South Carolina company, and, under the law of North Carolina, has its situs in South Carolina, and was not taxable if owned by an individual resident of the state of North Carolina, and, therefore, not taxable merely because it was owned by a corporation.

The county of Pender and the sheriff declined to accept the amount tendered, and the sheriff threatened to seize and sell the property of the manufacturing company, and has actually advertised the same for sale for the purpose of collecting the tax. Appellee brought this action to enjoin such seizure and sale, claiming that the assessment and taxation of the shares held by appellee in the Argent Lumber Company, a foreign corporation, is a violation of the equal protection of the laws secured under the Fourteenth Amendment of the Constitution of the United States, in that like shares, if held by an individual, or by an unincorporated association of individuals, are not taxed, and in addition thereto that such tax is prohibited by article 5, § 3, of the Constitution of the State of North Carolina, because an illegal discrimination.

On submission of the cause to the court below, the learned judge granted the injunction prayed for, on the ground that the assessment of the tax was in violation of the Fourteenth Amendment to the Constitution of the United States, from which action of the court this appeal was taken.

The statutes of North Carolina that are pertinent to this controversy are:

Section 4, chapter 101, of the Public Acts of 1925 (North Carolina): "Individual stockholders in any corporation, joint-stock association, limited partnership, or company paying a tax on its capital stock shall not be required to pay any tax on said stock or list the same, nor shall corporation legally holding capital stock in other corporations in this state; upon which the tax has been paid by the corporation issuing the same, be required to pay any tax on said stock or list the same. Nor shall any individual stockholder of any foreign corporation be required to list or pay taxes on any share of its capital stock in this State, and the situs of such shares of stock in foreign corporations, owned by residents of this State, for the purposes of this act is hereby declared to be at the place where said corporation undertakes and carries on its principal business."

Section 15, chapter 102, Public Acts of 1925—State board of assessment to make certificate to register of deeds. "The State Board of Assessment shall, on or before September first, certify to the register of deeds of the county in which such corporation, joint-stock association, limited partnership, or company whatsoever has its principal office or place of business, the total value of the stock of such corporation, joint-stock association, limited partnership, or company whatsoever, as determined in the preceding sections. The corporation, joint-stock association, limited partnership, or company whatsoever shall pay the county, township, town, or city taxes upon the valuation so certified by the State Board of Assessment."

Section 12, chapter 102, Public Acts of 1925: " * * * Provided, that if the State Board of Assessment or either of them is not satisfied with the appraisement and valuation so made and returned, they are hereby authorized and empowered to make a valuation thereof, based upon the facts contained in the report herein required or upon any information within their possession, and to set-

tle an account on the valuation so made by them for taxes, penalties, and interest due the State thereon, of which such settlement immediate notice shall be given to such corporation by said State Board of Assessment, with the right to the company dissatisfied with any settlement so made against it to appeal to the Superior Court in term-time of the county in which such company has its principal place of business in this State, and thence to the Supreme Court of this State; but before such company shall be allowed to exercise the right of appeal it shall, within twenty days after notice of such settlement, file with the State Board of Assessment exceptions to the particulars to which it objects, and the grounds thereof, and said State Board of Assessment shall hear said exceptions, after ten days notice of such hearing given by said State Board of Assessment to said company; and if they shall overrule any of said exceptions, then such company, if it desires to appeal to said Superior Court, shall within ten days thereafter give notice to said State Board of Assessment of such appeal to said Superior Court, and the State Board of Assessment shall thereupon transmit to said Superior Court a record of said settlement, with the exceptions of the company thereto, and all decisions thereon, and all papers and evidence considered in making said decision. The said cause shall be placed on the civil docket of said Superior Court, and shall have precedence of all civil actions, and shall be tried under the same rules and regulations as are prescribed for the trial of other civil causes. The cause shall be entitled, 'State of North Carolina on the relation of State Board of Assessment against such Company.' Either party may appeal to the Supreme Court."

Three points are raised by appellants as follows: First, that a single federal judge has no jurisdiction, but that the suit should have been heard by a three judge court, under title 28, § 380, USCA; second, that appellee before it could pursue the remedy here asked for in the federal court should have proceeded under section 12, chapter 102, of the Public Laws of North Carolina, 1925, and applied first to the state board of assessment for correction of its finding and then appealed to the superior court and the Supreme Court of the state, as provided in said section; third, that the statute authorizing the assessment is not unconstitutional.

As to the first question: In a suit brought to enjoin a sheriff and seeking to restrain him from collecting a tax alleged to be in violation of the Fourteenth Amendment, the county being made a party, this court has decided that the case is not one for three judges, because it is not sought to restrain the action of the officer of a state. Henrietta Mills Co. v. Rutherford County et al. (D. C.) 26 F.(2d) 799. In that case Judge Parker, in an able opinion, fully discusses the question presented, and holds that the case is one in which a single judge has jurisdiction. We do not think this position can be successfully controverted.

As to the second question, it seems clear to us that appellee had not exhausted its administrative remedies before it brought this suit, and, further, that it had a complete and adequate remedy at law. The return made by the manufacturing company to the state board of assessment in no way showed the nature of the property that went to make up its corporate excess. The return did not in any way show that the $225,000, admitted value of the stock in the South Carolina corporation, was included in the return. This should have been shown in the report, else how could the state board of assessment have passed upon the question as to whether the $225,000 was taxable in the state of North Carolina? After the state board of assessment had done the only thing that it could do, and found the taxable corporate excess to include the $225,000, the manufacturing company could have filed an exception to the action of the state board of assessment, under section 12, chapter 102, above quoted, and caused the board to pass upon the question here raised, and under the same section, had the action of the board not been satisfactory to the manufacturing company, an appeal could have been taken to the superior court and then to the Supreme Court of the state.

A taxpayer, who does not exhaust his administrative remedy to secure the correct assessment of a tax, cannot be heard by a judicial tribunal to assert its invalidity. Gorham Mfg. Co. v. State Tax Commission of State of New York, 266 U. S. 265, 45 S. Ct. 80, 69 L. Ed. 279.

A suit to enjoin the collection of a state tax as violative of the Fourteenth Amendment will not lie in the federal court, if the plaintiff has a plain, adequate and complete remedy at law. Henrietta Mills v. Rutherford County, North Carolina, 281 U. S. 121, 50 S. Ct. 270, 74 L. Ed. 737.

In Garysburg Mfg. Co. v. Board of Commissioners, 196 N. C. 744, 147 S. E. 284,

the principles here involved, with respect to a similar tax for another year against this same company, were discussed by the Supreme Court of North Carolina, and the court held that where this company had paid the tax, under protest, and sought to recover it back, it could not do so, because it had not exhausted the remedies provided by the statute as to the correction of its assessment. In this case will be found a citation of authorities dealing with this question, and we agree with the conclusion reached by the Supreme Court of North Carolina.

We find no authority in the taxing act that would permit the county to change the assessment as certified to it by the state board, as appellee urge should be done. The proper remedy lies with the state board and the courts, not with the county authorities.

In view of our conclusion on the second question, it is not necessary to decide whether the statute of North Carolina taxing property of this character, when owned by a corporation, and exempting it from taxation, when owned by an individual, is a violation of the Fourteenth Amendment.

Appellee should have so made its return as to show the character of the property owned, it should have filed exceptions to the action of the state board of assessment, and in the event it was not satisfied with the final action of the state board, it should have appealed to the courts, as provided by the statute; having not done so, it cannot be heard in the federal court, to enjoin the collection of the tax.

The action of the court below was erroneous, and this cause is remanded, with instructions to dissolve the injunction heretofore awarded, and dismiss the bill.

Reversed.