[S. F. No. 14543. In Bank.—October 31, 1932.]

LOUIS D. CARLSON et al., Petitioners, v. RAILROAD COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

654

Edson Abel for Petitioners.

Arthur T. George, Ira H. Rowell and Roderick B. Cassidy for Respondent.

D. A. Winship, District Attorney (Sutter County), Milton Hogle, District Attorney (Glenn County), Loyd E. Hewitt, A. L. Cowell, Homer J. Hankins, Charles L. Childers and Thomas C. Boone, as *Amici Curiae* for Respondent.

THE COURT.—This is a companion case to *Western Canal Co. and Great Western Power Co. of California* v. *Railroad Commission of the State of California,* (S. F. No. 14560) *ante,* p. 639 [15 Pac. (2d) 853], wherein we have this day rendered a decision, to which reference is made for a full and complete statement of the facts and issues here involved. The petitioners in this proceeding are stockholders and purchasers of stock of the Western Canal Company. They seek, by writ of review, an annulment of the order of the Railroad Commission considered in the above-mentioned case, upon all the grounds stated therein, and upon the additional ground that they have obtained or are obtaining their stock in said Western Canal Company at a cost to them in excess of $500,000, in order to obtain a supply of water for irrigating purposes at cost and, if the order of the Railroad Commission is permitted to stand, it will wholly nullify said investment and will compel these petitioners to pay rates far in excess of the actual cost of service; that the properties of the Western Canal Company are extremely valuable and the rates which would be required to earn a reasonable return upon the fair value thereof would far exceed the present cost to petitioners of their required irrigation service, plus any interest on their investment which they might reasonably expect to receive

as stockholders; that, therefore, said order takes from them their private property for public use without prior compensation therefor and impairs the obligation of the contracts between them and the Western Canal Company.

In its opinion and order, the Railroad Commission had in mind the above contention and considered the inequality of petitioner's position as large investors in the stock of the canal company should the Commission fix a rate for water use applicable to stockholders and nonstockholders alike. But the Commission concluded that this situation could not affect its determination of facts in the proceeding before it, although in a proceeding for the fixing of rates, it might consider the equities advanced by every consumer. The opinion further stated that if there were any doubt as to the rights of petitioners as stockholders to share in the profits of the utility's operations, that matter was for the civil courts to determine, but that if equity required an adjustment of rates to compensate for their contribution to capital, the Commission would, no doubt, be empowered to make such an adjustment. (*Live Oak Water Users Assn.* v. *Railroad Com.*, 192 Cal. 132 [219 Pac. 65].)

This position of the Railroad Commission is sound. Moreover, failure to petition the Commission for a rehearing before its order became effective, precludes relief here.

The order of the Railroad Commission is affirmed.

Rehearing denied.