[S. F. No. 14561. In Bank.—October 31, 1932.]

F. A. ALBIN et al., Petitioners, v. RAILROAD COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

656

Jerome D. Peters for Petitioners.

Arthur T. George, Ira H. Rowell and Roderick B. Cassidy for Respondent.

D. A. Winship, District Attorney (Sutter County), Milton Hogle, District Attorney (Glenn County), Loyd E. Hewitt, A. L. Cowell, Homer J. Hankins, Charles L. Childers and Thomas C. Boone, as *Amici Curiae* on Behalf of Respondent.

THE COURT.—This is a companion case to *Western Canal Co. and Great Western Power Co. of California* v. *Railroad Commission of the State of California*, (S. F. No. 14560) *ante*, p. 639 [15 Pac. (2d) 853], wherein we have this day rendered a decision, to which reference is hereby made for a full and complete statement of the facts and issues here involved. It is also a companion case to *Carlson et al.* v. *Railroad Commission*, (S. F. No. 14543) *ante*, p. 653 [15 Pac. (2d) 859], to which reference is also made for a further statement of issues here involved. These petitioners are shareholders in the Western Canal

Company and owners of 16,490 shares of its capital stock. They seek, by writ of review, an annulment of the order of the Railroad Commission considered in the above-mentioned cases upon all the grounds stated therein.

They further assert that even conceding that Western Canal Company is a public utility in the sale and distribution of water for irrigation, because its water rights were dedicated to a public use prior to their acquisition, nevertheless the state and the general public are estopped from asserting such public utility character of the company. In this behalf they call attention to the fact that Western Canal Company was organized and existed for a period of some fifteen years prior to the institution of the proceedings in question and transacted business as a mutual company; that shareholders invested money therein on the assumption that said company was a mutual company; that during all of said time the state permitted investments to be made and business transacted on said assumption; that enforcement of the order of the Commission will cause petitioners and lienholders on their lands great financial damage and this bad effect will extend through the entire community in which the lands are situated, an area in excess of 23,000 acres; that appurtenant water rights will be wiped out and the financial affairs of petitioners, now in a turmoil, will be thrown into chaos and that it is unconscionable and inequitable that such a decree be upheld.

We see no ground for estoppel against public right of regulation nor do we see the deprivation of property without due process. At most these stockholders have paid their money to get a fixed amount of water at a fixed rate for use upon their lands. Under the order of the Commission they will get the needed amount at a regulated cost. Whether they will gain or lose by the process does not appear, but there is no reason to suspect that they will fare worse. Moreover, they can be heard at the rate-making hearing when their right to preferential consideration can be considered. Again, failure to ask a rehearing of the Commission's order before it became effective precludes relief in this court.

The order of the Railroad Commission is affirmed.

Rehearing denied.