[L. A. Nos. 13629, 13630. In Bank.—December 30, 1932.]

THE PEOPLE, Respondent, v. LANG TRANSPORTATION CO. et al., Appellants.

Sanborn, Roehl & Brookman, Hugh Gordon, and Sanborn & Roehl for Appellants.

U. S. Webb, Attorney-General, and Warner I. Praul and R. L. Chamberlain, Deputies Attorney-General, for Respondent.

SHENK, J.—The appeals in these cases (consolidated for the purpose of the appeals) are from judgments in favor of the plaintiff in actions to recover highway transportation taxes assessed against the defendants for the years 1928 and 1929. The taxes were assessed by the State Board of Equalization pursuant to the provisions of section 15 of article XIII of the Constitution and section 3664aa of the Political Code. The actions were commenced in September, 1928, and April, 1930, respectively, and judgments were entered for $30,344.18 for the 1928 tax, and $26,274.69 for the year 1929, the same being five per cent of the defendant's gross receipts from operations for those years, plus penalties. The defendants are Mike Lang and his son and daughter, Howard and Gene, operating as a partnership under the name of Lang Transportation Company.

The amount of the 1929 tax was ascertained by the board from a report of its auditor gleaned from the defendants'

report to the board of their 1928 revenue and from the records of the business of the defendants for that year. The tax for 1928, which normally would be based on the revenues for 1927, was arbitrarily assessed for the reason that the defendants made no report to the board of the revenues of that year and the complete records of the defendants for that year were not available. In making up his report the auditor of the board proceeded in substantially the same manner as that described in the opinion in the case of *People* v. *Duntley*, (L. A. No. 13384) *ante*, p. 150 [17 Pac. (2d) 715]), this day decided. The certified copy of the assessment-rolls and the report of the auditor, having been received in evidence as a *prima facie* case for the plaintiff, the defendants introduced evidence in support of their claims that their transportation business was that of a contract carrier and that none of their business was carried on between fixed termini or over a regular route. The trial court found in effect that the defendants were operating as common carriers between fixed termini or over a regular route and entered the judgments appealed from.

Prior to 1922 the defendants were engaged in a general trucking and draying business in and around Bakersfield, Kern County. In that year they removed their center of operations to Los Angeles. From 1922 to 1925 they were engaged as general contractors in the construction of oil and gas pipe-lines, and in the hauling by autotrucks of construction material and equipment, heavy machinery, tanks, poles, pipe and oil-well equipment, between supply houses in Los Angeles and various oil-fields and other places where construction work was in progress. In 1925 they took on the transportation of gasoline by tank truck in truck-load quantities from oil refineries to numerous oil stations scattered throughout the southern and central portions of the state. In 1927 98 per cent of the gasoline hauled by the defendants was hauled for four companies and 80.1 per cent of their general trucking business, other than gasoline hauling, was done for three customers. In 1928 94.3 per cent of their gasoline hauling was done for six companies, and 86.9 per cent of their other trucking business was done for eight companies. In all cases the hauling by the defendants was performed pursuant to individual contracts entered into prior to the commencement of any work and

after negotiations with the customers as to price and service. The defendants reserved the right to reject, and rejected, hauling of merchandise of a similar kind for numerous other oil companies and corporations and many times refused to bid on the business offered by their regular customers. In performing the hauling service the defendants' trucks were subject to the directions of their customers. The defendants have never held themselves out as common carriers to the public nor to that portion of the public which has need of such service as they perform and have always reserved and exercised the right to accept or reject business offered to it.

It may be assumed that notwithstanding the foregoing facts the defendants might properly be held to be common carriers. This would especially be true if there were in the case any evidence of bad faith or evasion or an attempt on the part of the defendants falsely to assume the attitude of a private carrier, as was the case in *Haynes* v. *MacFarlane,* 207 Cal 529 [279 Pac. 436]. This is not such a case on the record presented, and subterfuge and pretense contrary to the fact may not be inferred. (*Weaver* v. *Public Service Com.,* 40 Wyo. 462 [278 Pac. 542].) The fact is that for the year 1929 the defendants paid to the state and to its counties and municipalities on account of taxes and license fees an amount in excess of the 5 per cent gross receipts tax now sought to be collected.

Assuming, as is the law, that the question of whether an autotruck operator for hire is a common carrier or a private carrier is primarily a question of fact in each case (*Haynes* v. *MacFarlane, supra*), when we come to consider the findings of the trial court in the present case we are met with the following undisputed facts: On July 3, 1926, the Railroad Commission found and determined (Dec. No. 17088) that the defendants were not common carriers at that time and that when their status was brought on for consideration by the State Board of Equalization and by the superior court, the nature, character and conduct of their business was the same as it was when the Railroad Commission found them not to be common carriers. The proceeding before the commission was instituted by the Bakersfield and Los Angeles Fast Freight Company, a corporation, and the Los Angeles and Westside Transportation Company,

as complainants, against these defendants as certain of the defendants. (Commission Case No. 2006.) The purpose of the proceeding was to have the commission find and declare the defendants common carriers operating between fixed termini or over regular routes. After a full hearing the commission found, as above stated, that the defendants were not common carriers, and dismissed the proceeding. No application to this court to review the action of the commission was presented and the order. became final. ■
The presumption of regularity of that proceeding will be indulged, the same as is done with respect to judgments of courts. (*Western Canal Co.* v. *Railroad Com.*, 216 Cal. 639 [15 Pac. (2d) 853].) The effect of a final order of the Railroad Commission on the rights of the parties in subsequent proceedings was accorded like vitality in *Carlson* v. *Railroad Com.*, 216 Cal. 653 [15 Pac. (2d) 859], and in *Albin* v. *Railroad Com.*, 216 Cal. 655 [15 Pac. (2d) 860]. While the parties to the present case are not technically the same as in the proceeding before the Railroad Commission, wherein the defendants were found not to be common carriers, we think the determination of the commission should be given controlling weight in the case at bar on the record presented. To permit the common carrier status of the defendants, finally determined in their favor by the Railroad Commission in an adversary proceeding, to be here questioned, and to permit the state to relitigate the identical issue before the State Board of Equalization or the superior court, when the status of the defendants has not changed and is affirmatively shown to have continued the same, would not accord to the order of the Railroad Commission the finality to which it is entitled in this case. The proceeding before the commission was in the nature of a proceeding *in rem*. The commission exercises judicial powers and its final determinations within its jurisdiction have the formality of judgments of courts of record. Within its limited sphere its final determinations and orders with reference to the condition or relation of the defendants may well be as conclusive as the judgment of a court under subdivision 1 of section 1908 of the Code of Civil Procedure.

The finding of the court of the common carrier status of the defendants is therefore not supported by the record.

The question whether they were operating between fixed termini or over a regular route becomes immaterial.

It is insisted by the plaintiff that the determination of the State Board of Equalization that the defendants were common carriers is conclusive and beyond review. It is assumed that if the right to levy the tax were unquestioned the action of the board would be conclusive (*Los Angeles etc. Co.* v. *County of Los Angeles*, 162 Cal. 164 [121 Pac. 384, 9 A. L. R. 1277]), but the determination of the board on the question whether the facts existing were sufficient to bring the case within the scope of its powers is subject to review in so far as they do, as here, present a question of law bearing upon the subject. In other words, the finding of the board is not conclusive as to the facts necessary to the existence of the board's jurisdiction. (*Allen* v. *Railroad Com.*, 179 Cal. 68, 74 [175 Pac. 466, 8 A. L. R. 249]; *Traber* v. *Railroad Com.*, 183 Cal. 304 [191 Pac. 366].)

Other points involved herein are discussed and passed upon in the opinion in the Duntley case (L. A. No. 13384 [17 Pac. (2d) 715]), this day filed.

The judgments are reversed.

Seawell, J., Preston, J., Tyler, J., *pro tem.*, Langdon, J., Curtis, J., and Waste, C. J., concurred.