[L. A. No. 18401. In Bank. May 10, 1943.]

ARTHUR H. ALEXANDER et al., Appellants, v. STATE PERSONNEL BOARD OF THE STATE OF CALIFORNIA et al., Respondents.

Holbrook & Tarr, W. Sumner Holbrook, Jr., and L. R. Tarr for Petitioners.

Earl Warren, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondents.

SHENK, J.—Appeal from a judgment entered on an order sustaining the respondents' demurrer to the fourth amended petition without leave to amend.

The petitioners, Alexander and Sturzenacker, applied to the Superior Court in Los Angeles County for the writ of

mandate directing the State Personnel Board and the State Land Commission to reinstate them respectively as Petroleum Production Inspector for the Division of State Lands, and Chief of the Division of State Lands, Department of Finance, from which it was alleged they were wrongfully dismissed, and to pay to them back salary from the date of suspension.

Complaints charging the petitioners with incompetency and misconduct were filed with the State Personnel Board on July 12, 1938. Suspension occurred on August 23, 1938. Hearings were commenced on September 26, 1938. A copy of the board's findings, conclusions and decision dismissing the petitioners was mailed to their counsel on April 8, 1939, and was received two days later. The decision was entered on the roster of state employees on April 11, 1939, and in the minutes of the board on April 21. The petition for the writ of mandate was filed on July 5, 1939. On September 11, 1939, the petitioners filed with the board a petition for rehearing which was denied.

The petitioners allege that the conduct of the proceedings was irregular; that the members of the board were disqualified by bias, and that by certain utterances one member had prejudged the petitioners' causes.

The trial court sustained the demurrer on the sole ground that the petitioners could not state a cause for relief because application for rehearing by the board had not been made within the time prescribed by the State Civil Service Act and prior to the filing of the petition for relief in the courts.

Section 173(c) of the Civil Service Act (Stats. 1937, p. 2085; Deering's Gen. Laws, 1937, Act 1404) provides that within thirty days from and after receipt by him of a copy of the board's decision, the employee or the appointing power may apply for a rehearing.

The time within which the petitioners could have applied for a rehearing expired before the petition for the writ of mandate was filed in the superior court, and the belated application for a rehearing made in September following was ineffective. The petition for the writ of mandate was otherwise filed within the time prescribed by the Civil Service Act.

The rule that administrative remedies must be exhausted before redress may be had in the courts is established in this state. (*Abelleira* v. *District Court of Appeal*, 17 Cal. 2d 280 [109 P.2d 942, 132 A.L.R. 715], and cases cited at

pages 292, 293, 302.) The provision for a rehearing is unquestionably such a remedy. As to the general rule, it is stated in *Vandalia Railroad Co.* v. *Public Service Commission of Indiana,* 242 U.S. 255 [37 S.Ct. 93, 61 L.Ed. 276], at page 261, that one aggrieved by the rulings of an administrative board may not complain that he has been deprived of constitutional rights if he has not availed himself of the remedies prescribed for a rectification of such rulings.

The petitioners ask this court to distinguish between a provision in a statute which requires the filing of a petition for rehearing before an administrative board as a condition precedent to commencing proceedings in the courts (see *Carlson* v. *Railroad Commission,* 216 Cal. 653 [15 P.2d 859] ; *Albin* v. *Railroad Commission,* 216 Cal. 655 [15 P.2d 860] ; *Palermo Land & Water Co.* v. *Railroad Commission of California,* 227 F. 708), and a provision such as in the present act which it is claimed is permissive only. The distinction is of no assistance to the petitioners under the rule. If a rehearing is available it is an administrative remedy to which the petitioners must first resort in order to give the board an opportunity to correct any mistakes it may have made. As noted in the Abelleira case, *supra,* at page 293, the rule must be enforced uniformly by the courts. Its enforcement is not a matter of judicial discretion. It is true, the Civil Service Act does not expressly require that application for a rehearing be made as a condition precedent to redress in the courts. But neither does the act expressly designate a specific remedy in the courts. So that where, as here, the act provides for a rehearing, but makes no provision for specific redress in the courts and resort to rehearing as a condition precedent, the rule of exhaustion of administrative remedies supplies the omission. The facts here alleged do not bring the case within any possible exception to the enforcement of the rule. Adherence to the rule is not excused in this case because of the bare probability, asserted long after the time had expired, that timely application for rehearing would have been denied. As suggested in *Red River Broadcasting Co.* v. *Federal Communications Com.,* 98 F.2d 282, the petitioners cannot be heard to urge that there was danger of refusal of their application when they did not make the effort within the time prescribed.

We conclude that the trial court correctly determined that the petitioners were not entitled to prosecute the present pro-

ceeding because they had not first exhausted the available remedies before the State Personnel Board.

The judgment is affirmed.

Curtis, J., Edmonds, J., and Spence, J. pro tem., concurred.

Gibson, C. J., did not participate herein.

CARTER, J.—I dissent. The majority opinion extends the doctrine of exhaustion of administrative remedies far beyond my conception of what the rule should be in view of the lack of uniformity in the rules of procedure applicable to the various administrative agencies established under the law of this state. It seems to me more consonant with principles applicable to procedure before judicial and quasi-judicial tribunals that unless application for a rehearing is made mandatory by statute or rule, such application need not be made as a condition precedent to a review of the decision or order of such tribunal. Such is the rule with respect to proceedings before judicial tribunals. That is, it is not now necessary to make a motion for a new trial in a trial court before prosecuting an appeal from a judgment of that court; neither is it necessary to petition a District Court of Appeal for a rehearing before petitioning the Supreme Court for a hearing after decision rendered by such District Court of Appeal.

The Legislature has by express statutory provision made mandatory a petition for rehearing before a party dissatisfied with the decision of the Railroad Commission (secs. 66-67, Act 6386 Gen. Laws) or Industrial Accident Commission (secs. 5900-5910, Labor Code) may petition the Supreme Court for a review of the decision of either of said commissions. If it were the law that a petition for rehearing were indispensable before such review could be had, the mandatory statutory provisions applicable to the Railroad Commission and Industrial Accident Commission are mere surplusage.

The provision of the State Civil Service Act construed in the majority opinion is subdivision (c) of section 173 and reads as follows:

"(c) Rehearing. Within thirty days from and after receipt by him of a copy of the decision rendered by the board in a proceeding under this section, the employee or the ap-

pointing power *may apply* for a rehearing by filing with the board a petition in writing therefor. Within thirty days after such filing the board shall cause notice thereof to be served upon the other parties to the proceedings by mailing to each a copy of the petition for rehearing, in the same manner as in this act prescribed for the giving of notice of a hearing. Within sixty days after the service of such notice of the filing of the petition for rehearing, the board shall either grant or deny the petition, and if the petition for rehearing is not granted within said period, it shall be deemed denied. If the petition for a rehearing is granted, the matter shall be set down for hearing by the board, either before the board or before its authorized representative, and such hearing shall be conducted in substantially the same manner and under like rules of procedure as an original hearing upon charges filed under and pursuant to the provisions of this section." (Emphasis added.)

It should be noted that the statute uses the permissive "may" instead of the mandatory "shall" or "must" in providing that either the employee or the appointing power may petition for a rehearing. It is true that the Civil Service Act does not provide for a judicial review of the decisions of the Personnel Board, but section 52 of the act creates a statute of limitation on actions or proceedings brought to obtain a "legal remedy for wrongs or grievances based on or related to any civil service law in this State or the administration thereof." This section provides that no person seeking a legal remedy under this act shall be compensated for the time subsequent to the date when his action or proceeding arose unless such action or proceeding is filed and served within ninety days after the same arose.

In the case at bar petitioners were suspended from their civil service positions by the State Land Commission, the employing body, on August 2, 1938, pending the hearing on the charges against them before the Personnel Board. The decision of the Personnel Board finding the petitioners guilty of the charges was not mailed to petitioners' counsel until April 8, 1939. The present action was filed in the Superior Court of Los Angeles County on July 15, 1939. Conceding that petitioners could not have commenced their action to obtain a legal remedy for redress of their alleged wrong or grievance until after receiving notice of the decision of the Personnel Board, it appears from a reading of the provision

above quoted pertaining to rehearings that had they been required to petition for a rehearing before commencing their action it would have been possible for at least 120 days to elapse from the date of the decision of the Personnel Board before such action could be commenced. Obviously, their cause of action arose when the Personnel Board rendered its decision sustaining the charges against them, and had they filed a petition for a rehearing and been required to wait 120 days before commencing their action, it is probable that they would now be met with the contention that their action was commenced too late to enable them to recover compensation for the time subsequent to the date when their cause of action arose.

The obvious purpose of the Legislature in requiring that an action be commenced within ninety days after the cause of action arose to permit the employee to recover compensation for the time subsequent thereto, was to prevent the accumulation of large salary claims for employees who had been illegally suspended or separated from their employment, and to my mind it is highly improbable that it was the intention of the Legislature to require the employee to file a petition for a rehearing with the prospects of not being permitted to commence his action within 120 days after the decision of the Personnel Board. Such interpretation of the statute is to my mind unreasonable and contrary to recognized rules of statutory construction. I could not better state my attitude toward the present statute as applied to this case than in the language of the present Chief Justice of the United States in *United States* v. *Katz*, 271 U.S. 354, 357 [46 S.Ct. 513, 70 L.Ed. 986], where he said:

"All laws are to be given a sensible construction; and a literal application of a statute, which would lead to absurd consequences should be avoided whenever a reasonable application can be given to it, consistent with the legislative purpose."

For the foregoing reasons I am convinced that petitioners were not required to petition for a rehearing before the Personnel Board before commencing their action in the superior court to obtain a review of the decision of said board, and therefore the judgment of dismissal entered on the order of the trial court sustaining a demurrer to their petition without leave to amend on this ground should be reversed.

TRAYNOR, J.—I dissent. The majority opinion holds that applications for administrative rehearings permitted by statute but not expressly required as a condition precedent to redress in the courts, are in effect required by the rule calling for exhaustion of administrative remedies. At the same time it acknowledges the possibility of exceptions where a rehearing would not constitute an adequate remedy, thus introducing a perennial question for litigation and judicial determination. Determinations might prove necessary not only for each administrative body in the state but for each new question that arose before it.

Such litigation could be avoided by an unequivocal rule that applications for rehearing permitted by statute are invariably compulsory before resort to the courts. So inflexible a rule, however, would take no account of the endless variations in the administrative bodies throughout the state. They vary in accessibility, formality of procedure, regularity of meetings, personnel, volume of work, the making and keeping of records, and dispatch of business. Situations constantly arise where one or more of these factors would make it impossible for an administrative rehearing to be an adequate remedy. To demand compliance with an administrative determination pending such a hearing might work great hardship, as in the case of suspension of licenses. On the other hand, to postpone compliance until the decision following rehearing might work great harm, as in the case of the continuation of practices inimical to public health and morals.

It is my opinion that there is greater wisdom in the rule that applications for administrative rehearings are not prerequisite to judicial remedies unless so prescribed by statute. (*Prendergast* v. *New York Telephone Co.*, 262 U.S. 43, 48 [43 S.Ct. 466, 67 L.Ed. 853] ; *Banton* v. *Belt Line Ry. Corp.*, 268 U.S. 413, 416 [45 S.Ct. 534, 69 L.Ed. 1020] ; *United States* v. *Abilene & So. Ry. Co.*, 265 U.S. 274, 282 [44 S.Ct. 565, 68 L.Ed. 1016] ; *Columbia Ry., Gas & Elec. Co.* v. *Blease*, 42 F.2d 463, 465; *Pender County* v. *Garysburg Mfg. Co.*, 50 F.2d 732; *Canadian River Gas Co.* v. *Terrell*, 4 F.Supp. 222; see *Birch* v. *County of Orange*, 186 Cal. 736, 742-745 [200 P. 647].) Under such a rule the Legislature, to which the task appropriately falls, would select the administrative bodies whose functions and procedure insure the fitness of a requirement that applications for rehearing precede resort to the courts. In this wise it has already selected the Railroad Com-

mission (Public Utilities Act, sec. 66) and the Industrial Accident Commission (Labor Code, sec. 5901). (*Carlson* v. *Railroad Commission*, 216 Cal. 653 [15 P.2d 859]; *Albin* v. *Railroad Commission*, 216 Cal. 655 [15 P.2d 860]; *Palmero Land & Water Co.* v. *Railroad Commission of California*, 227 F. 708.) There is nothing in *Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715], that would preclude the adoption of such a rule. That case was concerned, not with the rehearing question, but with the application of the general rule of exhaustion of remedies to the prosecution of an appeal to a commission from an adjustment unit thereof. The cases applying the exhaustion of remedies rule ''where the administrative procedure prescribes a rehearing'' (p. 302) were invoked merely to dispose of the contention that the rule should not apply on the ground that the commission's earlier decisions in similar cases would render appeal futile.