[Civ. No. 23001.   Second Dist., Div. Three.   Feb. 6, 1959.]

REV. CHARLES W. HASSELBACH, Appellant, v. DE-PARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Respondents; VON'S GROCERY COMPANY (a Corporation), Real Party in Interest.

Irving Sulmeyer for Appellant.

Edmund G. Brown, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Respondents.

Johnson, Bates & Sheffield and James E. Bates for Real Party in Interest.

NOURSE, J. pro tem.*—By his petition filed in the superior court, appellant sought to review an order of the Alcoholic Beverage Control Appeals Board, hereinafter called "appeals board," affirming an order of the Department of Alcoholic

*Assigned by Chairman of Judicial Council.

Beverage Control, hereinafter called the "Department" granting an on-sale liquor license to Von's Grocery Company, hereinafter called "Von's" and sought a writ of mandate to compel the appeals board to reverse its decision and the Department to annul its order and to deny a license to Von's. The superior court having entered judgment denying the relief sought, appellant, hereinafter called "petitioner" appeals.

Von's having filed its application with the board for a license and the board having given the statutory notice of such application, the petitioner on behalf of himself and the church of which he is the pastor, filed a protest with the board; the grounds of the protest being stated as follows: "That said 'Von's' are situated within the immediate vicinity of our church and Christian Elementary School, and that the issuance of this license would be contrary to public welfare and morals." After a hearing in which evidence was introduced by the Department, by the petitioner and by Von's, the hearing officer made findings of fact and from those determined that "[a]lthough the proposed premises are located within the immediate vicinity of a church and a school, issuance of the license would not be contrary to public welfare or morals," and recommended that the protest filed by petitioner be overruled. Thereafter the Department adopted the proposed decision of the hearing officer as its decision. Petitioner then prosecuted an appeal to the Alcoholic Beverage Control Appeals Board and that board affirmed the order of the Department.

By his petition filed in the superior court, petitioner alleged that Von's had made three previous applications for a license; that petitioner and the church had opposed each of these applications and that the protests had been sustained. He set forth as an exhibit to his petition a copy of the decision of the Department sustaining the protest of Von's third application.[1] This third application was filed in August of 1955 and the decision of the Department sustaining appellant's protest thereto was made on November 25th of that year. The present application for a license was filed in October of 1956.

The only question involved on this appeal as stated by appellant is as follows: "DOES THE DOCTRINE OF RES JUDI-

---

[1] The findings of fact and decision of the Department in sustaining the protest to Von's former applications were not offered in evidence at the protest to the fourth application and were not a part of the printed record before the superior court.

CATA APPLY TO THE DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL IN ITS DETERMINATIONS OF WHETHER OR NOT TO GRANT THE ISSUANCE OF A LICENSE TO SELL ALCOHOLIC BEVERAGES?'' In presenting this question appellant necessarily asserts that the former order of the board estops Von's, by its present application, from again litigating the fact as to whether the granting of a license to it would be contrary to the public welfare and morals. In other words, appellant relies upon the former order as an estoppel and not upon it as a judgment which bars the prosecution of the present application.

■ ''The estoppel of a judgment extends only to the facts in issue as they existed at the time the judgment was rendered, and does not prevent a re-examination of the same questions between the same parties where in the interval the facts have changed or new facts have occurred which may alter the legal rights'' of the parties affected by the order. (*Hurd* v. *Albert,* 214 Cal. 15 at 26 [3 P.2d 545, 76 A.L.R. 1348]; *Lunt* v. *Boris,* 87 Cal.App.2d 694 at 695 [197 P.2d 568]; *California Emp. etc. Com.* v. *Matcovich,* 74 Cal.App.2d 398 at 404 [168 P.2d 702]; 29 Cal.Jur.2d § 230.)

■ The Department is a constitution-created tribunal with fact finding power and is given the exclusive right to, in its discretion, grant or deny a license to sell intoxicating liquors. (Cal. Const., art. XX, § 22.) ■ In acting as a quasi-judicial tribunal the Department may not exercise its discretion arbitrarily but only in accordance with law and its decision as to what is contrary to the public welfare and morals must be based upon sufficient evidence. (*Stoumen* v. *Reilly,* 37 Cal.2d 713 at 717 [234 P.2d 969].)

In the present proceeding before the Department the evidence established that Von's market was opened at the location in question in the latter part of 1955; that prior to that time and in 1949 and 1950 a grocery store at the same site had held a beer and wine license; that Von's premises consist of a large market building situated in a shopping center at the corners of Riverside Drive and Fulton Avenue; that the same shopping center contains a drugstore, department store and off-street parking facilities; that Riverside Drive is a heavily traveled thoroughfare and that the traffic thereon had increased 30 per cent during the year preceding the hearing; that the area near the market is predominately commercial; that the church of which appellant here is pastor is situated across Riverside Drive from the market and that

the distance from the church to the market is 210 feet. It was erected in 1950; that there is a retail liquor store situated on Riverside Drive, 475 feet from the church; that during the year immediately preceding the hearing upon the present application the people patronizing the market had increased in number by approximately 3,000 per week; that in the same year a medical building which contained professional offices and a pharmacy and a building housing a hardware store and laundry had been erected; that the church has a congregation of approximately 700 and conducts an elementary school which has an enrollment of 130 students ranging in age from 5 to 12 years of age.

Appellant does not contend that these facts were not sufficient to uphold the finding of the Department that the issuance of the license would not be ''contrary to public welfare and morals.'' Its sole contention is that the Department having in November of 1955 made a contrary finding, that finding was conclusive of the fact that the granting of the license was contrary to public welfare and morals and that the Department was precluded thereby from making a finding to the contrary and granting a license to Von's.

■ The question as to what is or is not contrary to the public welfare and morals is not a static one and the resolution of that question may change with the lapse of time or a change in physical conditions. We are not called upon to decide whether the Department's former order would have constituted an estoppel to again litigate the question as to whether the granting of a license would or would not be contrary to the public welfare and morals had there been no change in circumstances, for even assuming that res adjudicata would have applied to those circumstances, there was a change here and it was not therefore applicable.[2] The traffic on the boulevard had increased by 30 per cent, the number of customers patronizing the market had increased by approximately 18 per cent and at least three new commercial enterprises had commenced operation in that neighborhood. In exercising its discretion as to whether a license should be granted upon the present

[2]Counsel for the respondents, by their briefs, earnestly contend that a decision of an administrative body cannot operate as a collateral estoppel under the doctrine of res adjudicata. They rely upon *Altadena etc. Church* v. *State Board of Equalization*, 109 Cal.App.2d 99 [240 P.2d 322] and *Steiger* v. *Board of Supervisors*, 143 Cal.App.2d 352 at 358 [300 P.2d 210] to uphold their contention. While some of the language used by the court in the cases just cited is so broad as to preclude a decision of a constitutionally constituted administrative board operating as a collateral estoppel under the doctrine of res adjudicata, we do not believe

application of Von's, it was for the Department to determine whether the changes we have noted affected the ultimate fact as to whether the granting of the license would be contrary to the public welfare and morals and justify a different conclusion from the one it had theretofore reached as to the issuance of a license to Von's at the subject property.

█ In reaching its conclusion and exercising its discretion it was the duty of the Department to take into consideration the welfare of the public as a whole and to exercise its discretion in the light of the conditions that existed at the time of the hearing as those conditions were shown by the evidence.

█ It is not the province of a court reviewing the proceedings of the Department to substitute its judgment for that of the Department as to whether a license should issue or as to whether there had been, since the prior hearing and order, a change in circumstances which justifies a change in decision, providing that there was substantial evidence of the change. To hold otherwise would be to vest in the court the discretion which by the Constitution is vested exclusively in the Department.

█ Appellant directs our attention, however, to the fact that in its written opinion *affirming* the order of the Department, the Alcoholic Beverage Control Appeals Board stated that the changes which were made were not substantial and placed its affirmance of the Department's findings and decision upon the basis that res adjudicata did not apply but that the Department had the right to reverse its former rulings without change in conditions.

The statement made in the opinion of the appeals board was not a finding of fact for that board is without power to make findings of fact. Its power is limited to determining the following questions: (a) whether the Department had proceeded without or in excess of its jurisdiction, (b) whether the Department had proceeded in the manner required by law, (c) whether its decision is supported by the findings,

---

that when those cases are read in the light of the question before the court they may be so understood. It is unquestionable that the orders of an administrative body such as the Department have in proper cases the same effect and finality as judgments of a court. (*People* v. *Lang Transportation Co.*, 217 Cal. 166 at 170 [17 P.2d 721]; *People* v. *Los Angeles*, 133 Cal. 338 at 342 [65 P. 749]; *Mogan* v. *Board of Police Commrs.*, 100 Cal.App. 270 at 273 [279 P. 1080]; see also Davis' *Administrative Law Treatise*, vol. 2, pp. 545-628; 1942 Wis. L. Rev., pp. 1-42 and pp. 198-235; 40 Ill. L. Rev., pp. 56-83; 27 Mich. L. Rev., pp. 677-683; 46 Yale L. Rev., p. 1320 et seq.)

(d) whether the findings are supported by substantial evidence in the light of the whole record and (e) whether there was relevant evidence which in the exercise of reasonable diligence could not have been produced or which was improperly excluded at the hearing before the Department. (Bus. & Prof. Code, § 23084; Const., art XX, § 22.)

While in his notice of appeal to the appeals board appellant stated several grounds for the appeal, they in reality only presented the question as to whether the findings made by the Department supported its decision. Appellant, by his notice of appeal to the appeals board, did not assert as a ground of reversal that the findings were not supported by substantial evidence but only that the findings were capricious and arbitrary because contrary to the former decision of the board.

By its findings the Department found all of the changes and conditions which we have heretofore noted other than the increase in the patronage of the market and further found that it was not true that the issuance of the license to Von's would adversely affect the functions of the church or school or create any appreciable hazard to the morals or welfare of the children in the church school and that ''in view of the nature of the business sought to be licensed and the *increasingly commercial character* of the neighborhood . . . issuance of the license would not be contrary to public welfare or morals.'' (Emphasis added.) Upon the appeal to it the appeals board had but two alternatives: it might affirm the order of the Department or if it found that the Department's findings did not support its decision it might reverse and remand the matter to the Department for further consideration. (Bus. & Prof. Code, § 23085.) The board did affirm the decision of the Department and thus ruled that the findings did support the Department's decision and order. The fact that in arriving at its decision affirming the decision of the Department the appeals board erroneously held (if its holding was erroneous) that res adjudicata was under no circumstance applicable in a proceeding such as the one in question here, in nowise affected the validity of its decision, for as we have pointed out, there was a change in conditions and it was for the Department to determine whether those changes were of such a character as to justify the conclusion that the granting of a license would not be contrary to public welfare and morals. The decision of the appeals board was therefore correct and it matters not that the reasons given by it were erroneous. (*Sears* v. *Rule,* 27 Cal.2d 131, 140 [163 P.2d 443] ;

*Difani* v. *Riverside County Oil Co.*, 201 Cal. 210, 217 [256 P. 210] ; *Lincoln* v. *Superior Court*, 22 Cal.2d 304, 315 [139 P.2d 13].)

To sum up, it is our opinion that the evidence before the Department supported its findings of fact, that its findings of fact supported its decision, and that while it was within the province of the appeals board to reverse the Department's decision and remand the matter to the Department, it having affirmed and its affirmance being supported by the record, the lower court was correct in denying the writ prayed for by appellant.

The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied February 25, 1959, and appellant's petition for a hearing by the Supreme Court was denied April 1, 1959.