[Civ. No. 6917.   Third Dist.   Dec. 17, 1943.]

MRS. MAY CLARK, Appellant, v. STATE PERSONNEL BOARD, et al., Respondents.

Fontaine Johnson and McGilvray & McGilvray for Appellant.

Robert W. Kenny, Attorney General, and Wilmer W. Morse, Deputy Attorney General, for Respondents.

PEEK, J.—This is an appeal by petitioner from a judgment denying her petition for a writ of mandate.

The only facts pertinent to a disposition of this appeal are that on October 27, 1939, petitioner filed with the State Personnel Board a petition for correction of her civil service classification which she alleged to be erroneous; that such petition was denied on February 6, 1940; that on March 28, 1940, she filed with the Superior Court of Sacramento County a petition for a writ of mandate to compel the board to enter her name on the roster of said board as a senior account clerk as of June 25, 1931, and for judgment for the accumulated difference in salary during such period; that not until November 17, 1941, after the entry of judgment denying her petition for a writ of mandate in the superior court and approximately twenty-one months after the board had denied her petition for correction of her classification, did she request a rehearing of said petition. The board thereupon adopted a resolution that her position be reclassified as senior account clerk as of May 25, 1931, conditioned upon her filing a waiver of back salary and wages to the date of said resolution.

Sections 1 and 2 of Rule 23 of the Rules and Regulations of the State Personnel Board provide in effect that decisions by the board shall become final after ten days from the time of service of such decision upon the person or persons affected thereby, and that an application for a rehearing after such decision by the board may be granted if an application in writing is made thereafter any time within ten days after said service of notice; while section 173(c) of the Civil Service Act (Stats. 1937, p. 2085, Deering's General Laws 1937, Act 1404) provides that within thirty days from and after receipt of a copy of the decision by the board either the employee or the appointing power may apply for a rehearing by filing a written petition therefor.

If under the procedure set forth in said act and the rules of said board the rule of the exhaustion of administrative remedies before resort may be had to the courts applies, the failure of petitioner to request a rehearing in accordance with the provisions mentioned before filing her petition for a writ of mandate is fatal.

In the case of *Alexander* v. *State Personnel Board*, 22 Cal. 2d 198 [137 P.2d 433], the identical question was at issue.

A complaint against petitioners therein was filed with the board on July 12, 1938; a copy of the board's findings, conclusion and decision was mailed to their counsel on April 8, 1939, and was received two days later; a petition for a writ of mandate was filed on July 5, 1939. No petition for rehearing was filed with the board until September 11, 1939, more than thirty days after service of a copy of the decision.

The Supreme Court applied the rule that administrative remedies must be exhausted before redress may be had in the courts and held that the time within which the petitioners could have applied for a rehearing expired before the petition for a writ of mandate was filed with the superior court, and "the belated application for a rehearing . . . was ineffective," to give jurisdiction, citing *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715]. In the latter case this court was prohibited from issuing a writ of mandate directed against the California Unemployment Commission. The Supreme Court, after carefully examining the entire question of the exhaustion of administrative remedies, held that this court was without jurisdiction to issue the writ prior to the completion of the administrative proceedings, and stated the general rule to be that "where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act."

Here, as in the Alexander case, an opportunity for a rehearing was available to the petitioner, and in order to give the board a chance to correct its mistake, if such it was, resort should first have been had to such agency. However, petitioner did not apply to the board for a rehearing until many months after service upon her of the order denying her original petition, and the superior court was without jurisdiction to entertain her petition for writ of mandate.

The enforcement of the rule requiring exhaustion of administrative remedies before resort to the courts is not a matter of judicial discretion but is a fundamental rule of procedure. The Civil Service Act does not expressly require that an application for rehearing be made as a condition precedent to redress in the courts, neither does the act expressly designate a remedy in the courts. When, as here, the act provides for a rehearing and makes no provision for specific redress in the courts, the rule of the exhaustion of administrative remedies supplies such omission by requiring a re-

hearing as a condition precedent to an appeal to the courts. (*Alexander* v. *State Personnel Board, supra.*)

The above case leaves no room for doubt that the exhaustion of the administrative remedy is prerequisite to a resort to the courts, even though, as in the present case, the provisions for rehearing are permissive and not mandatory. Stated in another fashion this means that the courts recognize the obvious necessity of keeping such matters with the agency charged with the administration of the particular act in question and permitting that body initially to decide its myriad problems unhindered; for if it were otherwise, the complex and technical problems which should be solved by such government agencies might so burden the courts as seriously to impair the orderly disposition of their normal work. (*Abelleira* v. *District Court of Appeal, supra.*)

In view of these recent expressions of opinion by the Supreme Court of this state upon the question directly at issue herein the trial court was without jurisdiction to entertain a hearing on the merits of plaintiff's petition for a writ of mandate prior to a rehearing or denial thereof by the State Personnel Board.

The judgment is set aside and the trial court is directed to dismiss the petition for the writ of mandate.

Adams, P. J., and Thompson, J., concurred.