[Civ. No. 7081. Third Dist. Jan. 20, 1945.]

HARRY JENSKY, Appellant, v. STATE BOARD OF EQUALIZATION et al., Respondents.

ROSE M. WILL et al., Appellants, v. STATE BOARD OF EQUALIZATION et al., Respondents.

Eugene H. O'Donnell, Arthur D. Klang and Ralph Bancroft for Appellant.

Robert W. Kenny, Attorney General, and Carl W. Wynkoop, Deputy Attorney General, for Respondents.

ADAMS, P. J.—By stipulation of the parties to the above entitled actions, which were consolidated by order of the trial court, this appeal is submitted on the record in the Will case, it being agreed that the complaints are identical except as to the names of the parties and the locations of their businesses, and that the same judgment was rendered in both actions.

Plaintiffs' amended complaints alleged that they were operating places of business in San Francisco, duly authorized to sell spirituous liquors under licenses issued by defendant Board of Equalization; that complaints for revocation of their licenses were issued, charging violations of sections 10, 58 and 62 of the Alcoholic Beverage Control Act (Stats. 1935, p. 1123, as amended Stats. 1937, ch. 758; Deering's Gen. Laws, 1937, Act 3796, hereinafter called the act); that hearings were had before a representative of said board on said complaints after which defendant board made findings of ultimate facts and found that there was sufficient evidence produced to support the charges, found plaintiffs guilty as charged, and recommended that their licenses be suspended indefinitely; that thereafter the said board, by an order duly given and made, revoked said licenses; that "said order has no support whatsoever under the testimony and evidence submitted to and received by said representative of the board"; that at all times mentioned the said licenses have been in full force and effect, "and these plaintiffs have never committed any act which did or would constitute any ground or cause for the revocation of said licenses"; that plaintiffs elect to apply for relief under the provisions of section 47 of the act "and for an order setting aside the order of said defendant Board revoking these plaintiffs' licenses." An order restraining enforcement of the order of the board until the final determination of this action, and judgment reversing the said order of the board were prayed.

To the foregoing complaint defendants demurred on the grounds (1) that the complaint does not state facts sufficient to constitute a cause of action, (2) that the superior court has no jurisdiction of the subject of the action, (3) that the superior court has no jurisdiction of the parties to the action, (4) that the complaint fails to state in what manner or by what means the board acted arbitrarily or capriciously, and (5) that plaintiffs have not exhausted their administrative remedies. The court sustained the demurrer without stating the grounds upon which it acted. Leave to amend was not denied, but plaintiffs failed to amend within the time allowed by law, and thereafter a motion by defendants to dismiss the action was granted after hearing thereon, and judgment was entered for defendants.

Plaintiffs have appealed on a transcript consisting of the amended complaint, the demurrer, and the judgment, together with notice of appeal and a stipulation that the aforesaid records are sufficient.

The only question before this court is whether the trial court properly sustained defendants' demurrer on any of the grounds assigned, for it is well established that on appeal from a judgment entered on failure to amend after a demurrer to a complaint has been sustained, the judgment will be affirmed if the demurrer was properly sustainable on any of the grounds set forth. (*Haddad* v. *McDowell*, 213 Cal. 690, 691 [3 P.2d 550]; *Stillwell Hotel Co.* v. *Anderson*, 4 Cal. 2d 463, 464 [50 P.2d 441]; *Buttner* v. *American Bell Tel. Co.*, 41 Cal.App.2d 581, 582 [107 P.2d 439]; *Swasey* v. *de L'Etanche*, 17 Cal.App.2d 713, 715-716 [62 P.2d 753]; *Penziner* v. *West American Finance Co.*, 133 Cal.App. 578, 582 [24 P.2d 501].)

Appellants' brief in this court consists mainly of an argument that section 46 of the act is constitutional, it being asserted that the demurrer of defendants was based on the alleged unconstitutionality of the act, and that the demurrer was sustained upon the ground that the section is unconstitutional. However, as stated, the record before us does not show the ground upon which the demurrer was sustained; and as we are satisfied that it was properly sustained upon at least one of the grounds assigned, it is unnecessary to determine in this action whether said section 46 is or is not constitutional.

■ One of the grounds of demurrer assigned by defendants is that plaintiffs have not exhausted their administrative remedy; and in support of the judgment of the trial court respondents urge in their brief that one aggrieved by a decision of the Board of Equalization must exhaust his administrative remedy before he may have recourse to the courts, citing *Collier & Wallis, Ltd.* v. *Astor,* 9 Cal.2d 202, 206 [70 P.2d 171], *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715], and *Alexander* v. *State Personnel Board,* 22 Cal.2d 198, 199 [137 P.2d 433], and sections 44, 45 and 46 of the act.

The cited cases definitely hold that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act. In the Alexander case a demurrer to a petition for a writ of mandate was sustained on the sole ground that petitioner could not state a cause for relief because application for rehearing by the State Personnel Board had not been made prior to the filing of the petition for relief in the courts; and in the Abelleira case it was held that the exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts. Also see *Scripps Memorial Hospital* v. *California Employment Commission,* 24 Cal.2d 669, 673 [151 P.2d 109].

Section 41 of the act (Stats. 1937, ch. 758, p. 2162) provides for hearings before a representative of the board. Section 43 (Stats. 1941, ch. 168, p. 1211) provides that such representative, after such hearing, shall certify his findings to the board and make recommendations in respect to suspending or revoking licenses; that a copy of these findings and recommendations shall be mailed to the licensee, who, within five days thereafter, may file with the board written objections to the findings, and if such objections are filed the board is authorized to hold a further hearing. Section 44 (Stats. 1941, ch. 168, p. 1211) provides that after the filing of the findings of its representative and written objections thereto, if any, the board shall consider same and any additional evidence it may have taken, make its decision, and notify the licensee. It also provides that within ten days after mailing of a notice of such decision to a licensee, such licensee may petition the board for a reconsideration of the cause. Section 45 (Stats. 1937, p. 2163) provides that within thirty days

after receipt of a petition for reconsideration the board may *itself rehear the entire matter de novo,* and if it holds such hearing shall, within ten days after the conclusion thereof, either affirm, modify or set aside its previous order. Section 46 as amended in 1937 (Stats. 1937, ch. 758, pp. 2163-2164) provides:

"The person affected by any ruling, order or decision of the board . . . on suspension or revocation of a license may, *after exhausting the remedies such person may have with the board,* and within thirty days after *final* action by the board, file an action in the superior court of California in and for the county of Sacramento. Said action shall be for a *review* of the ruling, order, decision or other official act of the board. Said court shall review all records on file with the board which pertain to said ruling, order, decision or other official act, and if furnished by the board, a transcript of evidence taken by the board, and said court shall take such additional relevant and competent evidence as said court may require or as may be submitted by the board or the person filing such petition for review and shall then render, according to the weight of evidence adduced before said court, judgment affirming, reversing or modifying the action of the board." (Italics ours.)

As originally enacted, that section provided that "the action of the board upon a petition for a license, a protest, complaint, or a petition for reconsideration shall be subject to review by any court of competent jurisdiction." In its present form as above stated it plainly provides that only after exhausting the remedies such person may have with the board, and after *final* action by the board, may an action be filed in the superior court.

Appellants' complaint entirely fails to show that before filing this action they filed any written objections to the findings or any petition for a reconsideration by the board, or that any hearing de novo by such board was ever asked or had. On the contrary, the allegation of the complaint that said order has no support whatsoever "under the testimony and evidence submitted to and received by said representative of said board," indicates that no resort to the board itself for a hearing was had, and that said matter was not heard de novo by it, but that its order which appellants seek to have reviewed by the court was based solely upon the findings of its

representative before whom the hearing was had pursuant to section 41 of the act. Plainly, then, appellants failed to show that they had complied with the very requirements of section 46, that before filing an action in the superior court they must have exhausted their remedies before the board, and the action of the board must have become final.

■ ■ Appellants argue that under section 47 of the act it was not necessary for them to exhaust their administrative remedy. That section provides that the *filing* of a petition for reconsideration with the board shall not be a *bar* to any application to the courts for relief, and shall not prevent a court from reviewing or setting aside the action of the board upon a petition for a license, protest or complaint. However, that section was enacted as a part of the act of 1935. Section 46 in that act merely provided that the "action of the board upon a petition for a license, a protest, complaint, or a petition for reconsideration shall be subject to *review* by any court of competent jurisdiction." (Italics ours.) It did not at that time provide, as it now does, that after exhausting the remedies such person may have with the board, and after final action by the board, an action may be filed in the superior court. Furthermore, the language of said section 47 does not compel the conclusion that administrative remedies need not be exhausted before recourse to the courts, but may reasonably be construed as meaning that the fact that a party filed a petition for a reconsideration by the board shall not estop him from thereafter seeking review by a court.

Section 46, which is the later and therefore the controlling expression of the legislative intent (*Patchett* v. *Webber,* 198 Cal. 440, 447 [245 P. 422]; *United Milk Producers* v. *Cecil,* 47 Cal.App.2d 758, 765 [118 P.2d 830]; *People* v. *Weitzel,* 201 Cal. 116, 118 [255 P. 792]; *California Employment Commission* v. *Butte County Rice Growers Association,* 25 Cal. 2d 624, 639 [154 P.2d 892]), plainly indicates that only *after exhausting his remedies before the board* and after the board's action has become *final* shall a person affected by its ruling file an action in the superior court.

From the foregoing it becomes apparent that if this court should in this proceeding consider the constitutionality of section 46, *supra,* appellants' position would be no better; for

if the section were held to be valid no reversal of the judgment of the trial court could be had, since, if the section is valid, as appellants contend that it is, the sufficiency of their complaint would not thereby be established. The facts would still remain that the complaint is insufficient for failure to show that appellants exhausted their administrative remedy, and that, though given leave to amend, they declined to do so. Furthermore, it is doubtful whether plaintiffs' complaints contain allegations sufficient to create an issue of fact for trial by the superior court. The only issues presented, if we assume that such allegations are not mere conclusions, are found in the allegation that the order of the board "has no support whatsoever under the testimony and evidence submitted to and received by said representative of said board," and the allegation "that these plaintiffs have never committed any act which did or would constitute any ground or cause for the revocation of said licenses." Whether or not they committed the acts charged before the board as grounds for revocation of their licenses is not put in issue in the complaints for trial de novo in the superior court, if such a trial is what plaintiffs are seeking. But these matters need not be decided here, since appellate courts are not obligated to pass upon questions not brought before them by proper pleadings, nor to decide matters of law not necessary for a determination of the case made.

The judgment is affirmed.

Thompson, J., and Peek, J., concurred.

A petition for a rehearing was denied February 15, 1945, and appellants' petition for a hearing by the Supreme Court was denied March 19, 1945.