[Civ. No. 7766.   Third Dist.   May 11, 1950.]

CARL F. CHILD, Appellant, v. STATE PERSONNEL BOARD et al., Respondents.

Herman D. Jerrett for Appellant.

Fred N. Howser, Attorney General, and Wilmer W. Morse, Deputy Attorney General, for Respondents.

PEEK, J.—Plaintiff, appellant herein, after being eliminated from further participation in two civil service examinations, brought an action to cancel the examinations and the eligible lists established therefrom, and to have all appointments made from such lists declared void.

By the first cause of his complaint it is alleged that the State Personnel Board, after notice thereof, conducted certain civil service examinations in accordance with the statement set forth in said notices; that he was a participant in said examinations; that although he passed said tests he was unlawfully failed in the written portion of each examination and arbitrarily barred from further participation, and that the eligible lists which were established as a result thereof and the appointments made thereunder are illegal and void.

The second cause alleges that the board and its executive officer arbitrarily and in excess of their authority changed the method of computing the required minimum score in each of said examinations, that the said defendants acting in accordance with said altered method arbitrarily disqualified and eliminated plaintiff from further participation, and that a hearing was had before said board but that his petition was denied. His complaint concludes with a prayer that such examinations be declared illegal and void, and that the examinations and eligible lists established as a result thereof likewise be declared illegal and void.

Defendants' demurrer was sustained without leave to amend and judgment was accordingly entered in favor of respondents. From the judgment so entered plaintiff has appealed.

At the outset it must be noted that only the State Personnel Board, its members and its executive officer are named as defendants. Neither the persons named in said eligible lists nor any of the persons appointed to positions therefrom are named as parties defendants.

From the foregoing it is readily apparent that if any eligible lists so established by respondent board are nullified in accordance with appellant's contentions the rights of each person appointed from such lists as well as every person whose name appears thereon would be injured, and hence every person appearing in either category was not only a *necessary* but an

*indispensable* party to the proceedings. (*Bank of California* v. *Superior Court*, 16 Cal.2d 516 [106 P.2d 879]; *Hartman Ranch Co.* v. *Associated Oil Co.*, 10 Cal.2d 232 [73 P.2d 1163].) In the Bank of California case it is stated at page 522, that the requirement that all indispensable parties be before the court is "so fundamental, it need not be raised by the parties themselves; the court may, of its own motion, dismiss the proceedings, or refuse to proceed, until these indispensable parties are brought in. (Citing cases.) It follows that if the court does attempt to proceed, it is acting beyond its jurisdiction and may be restrained by prohibition."

Equally fatal to plaintiff's cause was his failure, as appears from the face of his complaint, to petition for rehearing before the respondent board. As this court stated in *Clark* v. *State Personnel Board*, 61 Cal.App.2d 800 [144 P.2d 84], although the civil service act does not expressly require that an application for rehearing be made as a condition precedent to redress in the courts, nevertheless the rule of exhaustion of administrative remedies requires a request for rehearing as a condition precedent to an appeal to the courts. (See *Alexander* v. *State Personnel Board*, 22 Cal.2d 198 [137 P.2d 433].) Additionally we stated in *Jensky* v. *State Board of Equalization*, 67 Cal.App.2d 612 [155 P.2d 87], that the plaintiff must affirmatively show that he has exhausted his administrative remedies, otherwise the complaint will be demurrable for that cause.

It necessarily follows that plaintiff for the reasons stated has failed to bring himself within the jurisdiction of the superior court and hence it becomes unnecessary to discuss the remaining contentions which he has raised.

The judgment is affirmed.

Adams, P. J., and Sparks, J. pro tem., concurred.

A petition for a rehearing was denied June 10, 1950.