[Civ. No. 9678. Third Dist. Nov. 9, 1959.]

STATE PERSONNEL BOARD OF THE STATE OF CALIFORNIA et al., Petitioners, v. SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; CALIFORNIA STATE EMPLOYEES' ASSOCIATION (a Corporation) et al., Real Parties in Interest.

Stanley Mosk, Attorney General, Willard A. Shank and Marcus Vanderlaan, Deputy Attorneys General, for Petitioners.

No appearance for Respondent.

James H. Phillips for Real Parties in Interest.

WARNE, J. pro tem.*—This is a petition by the State Personnel Board, hereinafter referred to as the "board," to prohibit the respondent superior court from proceeding in the trial of the case of California State Employees' Association, hereinafter referred to as the "association," and George A. Trigueros v. State Personnel Board, now pending before the Superior Court in and for the County of Sacramento (action No. 114410). No return has been filed to the

---

*Assigned by Chairman of Judicial Council.

petition by respondent. However, by written stipulation lodged in this court the parties have stipulated that the matter may be submitted for decision and decided on the pleadings, records and briefs herein.

The action is one in mandate to compel the board to set aside a determination to hold an examination for the civil service class entitled ''Law Enforcement Coordinator, Division of Forestry,'' in the Department of Natural Resources on an open rather than a promotional basis. The association and Trigueros, a civil service employee, are seeking a decision by the respondent superior court that the board had no discretion or authority in law to hold an open examination for the civil service class of law enforcement coordinator under section 18950 of the Government Code.

At the request of the Department of Natural Resources, the board on April 25, 1958, adopted a motion to hold an open examination for said civil service class of ''Law Enforcement Coordinator, Division of Forestry.'' The association appeared at the meeting and objected and also at a previous meeting held on April 12, 1958, where the matter was discussed.

On May 23, 1958, the association in a document entitled ''Petition for Rehearing'' petitioned the board ''to vacate its decision previously rendered . . . for an open, non-promotional examination . . .,'' which was denied on June 6, 1958.

Meanwhile, the executive officer of the board and his staff proceeded with the scheduling of the examination and issued an examination bulletin on May 19, 1958, scheduling the examination on an open, nonpromotional basis for July 26, 1958. The bulletin provided the last day for accepting applications would be on July 3, 1958.

Thereafter, on July 8, 1958, the association and Trigueros (the latter having applied to the board on July 1, 1958, to take the examination on both an open and promotional basis, which application on a promotional basis was rejected by the board) filed a petition for a writ of mandate in the respondent Superior Court of Sacramento County. An alternative writ was issued on July 9, 1958, ordering the board to set aside its order for examination on an open, nonpromotional basis and commanding that a new order issue requiring the examination to be held on a promotional basis and that the examination scheduled for July 26, 1958, be cancelled; or in the alternative requiring the board to show cause for failure to do so.

The board demurred to said petition on the ground that the association had no standing to sue, and also that Trigueros

had not exhausted his administrative remedies. The demurrer was sustained with leave to amend.

Thereafter, on July 21, 1958, the petitioners, Trigueros, and the association filed an amended petition wherein it is alleged that the association had acted as an agent for Trigueros; that Trigueros had filed an application to take the examination on both an open and promotional basis; and that the board had denied the application for an examination on the promotional basis on the ground that it was not being given on that basis.

On July 25, 1958, the board demurred to the amended petition on the ground that the association had no standing to sue; that Trigueros had not exhausted his administrative remedies; and that petitioner had failed to join indispensable parties. At that time the board submitted to the trial court a certified list of persons whose applications had been accepted by the board on July 3, 1958, to take the examination on an open basis. The demurrer was sustained on October 22, 1958, against the association without leave to amend and overruled with respect to Trigueros.

The board then filed a return by way of answer on November 20, 1958, denying any abuse of discretion or that it had acted in excess of its authority in establishing the eligible list on an open and nonpromotional basis. And, as a special defense, among others, the board alleged that Trigueros had failed to appeal the rejection of his application for a promotional examination to the State Personnel Board as permitted by rule 37 of the Rules and Regulations of the State Personnel Board (2 Cal. Admin. Code, § 37) and hence had failed to exhaust his administrative remedies. The court denied the board's motion for a reversal of the order of proof so that the question of exhaustion of the remedies could be first heard and determined, and at that point the hearing was continued at the request of the parties and petitioners filed their petition for a writ of prohibition.

█ The record shows that on July 1, 1958, Trigueros filed an official personnel board application to take the open examination and also to take the examination on a promotional basis and that on July 9, 1958, the executive officer of the board, acting through the staff of the board, rejected his application to take the examination on a promotional basis. Trigueros neither appealed to nor made application to the board for a review of the action of the executive officer. In fact, he actually filed his petition for mandate in the respondent court

on July 8, 1958, or one day prior to the date of the notice of rejection.

Rule 37 of the Rules and Regulations of the State Personnel Board (2 Cal. Admin. Code), section 37, provides in part: "Any party in interest may appeal to the State Personnel Board for review of the actions and decisions of the executive officer."

Trigueros' failure to appeal the rejection of his application was fatal to his cause. In this state administrative remedies must be exhausted before a redress may be had to the courts. (*Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715], and cases cited at pages 292, 293, and 302.) And as stated by the court in *Child* v. *State Personnel Board*, 97 Cal.App.2d 467, 469 [218 P.2d 52]:

"Equally fatal to plaintiff's cause was his failure, as appears from the face of his complaint, to petition for rehearing before the respondent board. As this court stated in *Clark* v. *State Personnel Board*, 61 Cal.App.2d 800 [144 P.2d 84], although the civil service act does not expressly require that an application for rehearing be made as a condition precedent to redress in the courts, nevertheless the rule of exhaustion of administrative remedies requires a request for rehearing as a condition precedent to an appeal to the courts. (See *Alexander* v. *State Personnel Board*, 22 Cal.2d 198 [137 P.2d 433].) Additionally we stated in *Jensky* v. *State Board of Equalization*, 67 Cal.App.2d 612 [155 P.2d 87], that the plaintiff must affirmatively show that he has exhausted his administrative remedies, otherwise the complaint will be demurrable for that cause."

Trigueros contends, however, that the association filed a petition for rehearing with the board on May 23, 1958, to vacate its decision previously rendered, granting the request of the Department of Natural Resources for an open, non-promotional examination for the class of Law Enforcement Coordinator, Division of Forestry, and that said petition inured to his benefit. The record does not so indicate nor could it be considered part and parcel of Trigueros' remedy for redress of the wrong claimed to have been suffered by him because of the rejection of his application to take the examination since he at that time had not yet made application to take the examination. Further, it does not even appear in the petition for rehearing that the association was prosecuting same for and on behalf of Trigueros. At that time there was

no claim insofar as the pleadings show that the association was in any sense acting as the agent of Trigueros.

Since the petition must be dismissed because of the failure of Trigueros to exhaust his administrative remedies as a condition precedent to redress in the courts, it becomes unnecessary for us to discuss the other points presented in the petition.

Let a peremptory writ of prohibition issue as prayed.

Van Dyke, P. J., and Schottky, J., concurred.

The petition of the real parties in interest for a rehearing was denied December 3, 1959, and their petition for a hearing by the Supreme Court was denied December 30, 1959.