[Civ. No. 18673. First Dist., Div. One. Feb. 25, 1960.]

PAUL C. RUDOLPH, Appellant, v. WALLACE H. FULTON
et al., Respondents.

Paul C. Rudolph, in pro. per., for Appellant.

Orrick, Dahlquist, Herrington & Sutcliffe for Respondents.

BRAY, P. J.—Plaintiff appeals from a judgment entered after order sustaining demurrer without leave to amend.*

QUESTIONS PRESENTED

1. Does a state court have jurisdiction (a) in view of the exclusive remedies provided by the Securities Exchange Act; (b) because plaintiff failed to exhaust his administrative remedies?

2. Was the trial judge prejudiced?

PLEADINGS

Defendants are the National Association of Securities Dealers, Inc., "The Principal Defendant," and 13 officers and "Sub Committee Members" of the association. The complaint is for "Damages and Defamation." Defendants demurred generally and specially upon the grounds of want of jurisdiction and failure to show that the proceedings brought by defendants against plaintiff have resulted in any final decision. Plaintiff filed an "Answer" to the demurrer and a "Rebuttal" and "Memorandum of Evidence and Facts." The court sustained the demurrer without leave to amend and awarded defendants $150.50 costs and attorney's fees under section 836, Code of Civil Procedure.

The complaint alleges that plaintiff was a member of the

---

*Plaintiff also purports to appeal from the order itself, which is not appealable. Plaintiff has acted throughout and is now acting in propria persona.

NASD which instituted two disciplinary proceedings against him; that the charges were "false and illegal" as unfounded in fact, and that the adverse decision against him was predetermined by two of the defendants who were executive director and secretary respectively; that a committee of the association, consisting of a number of the individual defendants, rendered a decision expelling him from membership in the association. Plaintiff appealed to the board of governors consisting of other individual defendants, who, after a hearing, remanded the proceedings to the office of origin for additional evidence. Thereafter a subcommittee consisting of others of the named defendants held a hearing at which new evidence was introduced. At this point plaintiff announced to defendant executive director that he was going to institute this suit, and withdrew from the proceedings.*

The complaint further alleges that the said proceedings were unlawful, and intended to harass and force him out of business. In consequence plaintiff has been damaged in the loss of business and property and life (that of plaintiff's 12-year-old son who committed suicide because plaintiff, because of defendants' actions, was unable to give him paternal attention), and otherwise defamed in the sum of one million dollars. Plaintiff alleges that the association will prosecute him indefinitely without disposing of his appeal and that in 1958, for the first time since October, 1955, the association sought dues from him. There are other allegations criticising the nature and operations of the association.

1. (a) *Jurisdiction in Federal Courts.*

The gravamen of plaintiff's complaint is that defendant officials have taken proceedings against him which are alleged to have been false, unlawful and unfairly conducted. There are no allegations of private defamation. The Securities Exchange Act provides for associations of the kind involved here and for proceedings to be brought against a member. (See *Otis & Co.* v. *National Assn. of Securities Dealers, Inc.* (1949), 84 F. Supp. 395.) 15 U.S.C.A. section 78o-3 (g) provides that if any registered security association shall take any disciplinary action against any member thereof, such action shall be subject to review by the Securities and

---

*At oral argument it was stipulated that since this appeal was taken, the above mentioned proceedings against plaintiff proceeded, the charges against plaintiff were found true, and plaintiff was expelled from the NASD.

Exchange Commission of the substantive and procedural defects forming the basis of the complaint. Section 25 of the Securities Exchange Act provides for judicial review by the appropriate federal Circuit Court of Appeals of decisions of the Securities and Exchange Commission. (15 U.S.C.A. § 78y.) The section has been held to include cases originating with the NASD. (*R. H. Johnson & Co.* v. *Securities & Exchange Com.*, (2d. Cir., 1952) 198 F.2d 690, cert. den. 344 U.S. 855 [73 S.Ct. 93, 97 L.Ed. 663].) Judicial remedies provided by the Securities Exchange Act are exclusive. (*Securities & Exchange Com.* v. *Andrews,* (2d Cir., 1937) 88 F.2d 441; *Johnson* v. *McNeill* (1942), 151 Fla. 536 [10 So.2d 142].) Therefore, if plaintiff is entitled to any relief because of the alleged acts of the defendants in prosecuting him before the NASD, such relief can be obtained only in the federal Circuit Court of Appeals.

1. (b) *Exhaustion of Administrative Remedies.*

██ Exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts. (*Abelleira* v. *District Court of Appeal* (1941), 17 Cal.2d 280, 291 [109 P.2d 942, 132 A.L.R. 715] ; *Child* v. *State Personnel Board* (1950), 97 Cal.App.2d 467, 469 [218 P.2d 52] ; *Jensky* v. *State Board of Equalization* (1945), 67 Cal.App.2d 612 [155 P.2d 87].) ██ The complaint shows that the proceedings before the NASD were still pending when plaintiff withdrew from the proceedings and notified defendant executive director that he was going to appeal to the courts. Moreover, according to the complaint, the association billed plaintiff for dues for a period indicating that he had not been expelled at any time before judgment in this case. Also, as stated, the Securities Exchange Act provides an administrative remedy by an appeal to the Securities and Exchange Commission. (15 U.S.C.A. § 78o-3(g).)

Although there is no allegation in the complaint to support his contention, plaintiff contends that this action "has nothing concerned with the proceedings of the NASD" or "with the reinstatement of the plaintiff as a member, but is a clear civil suit brought against the NASD and its thirteen defendant officials under the Bill of Rights . . . for the injustice done towards the plaintiff under Amendments V, VII and VIII of the Amendments to the United States Constitution." As pointed out herein, the allegations of the complaint relate solely to disciplinary proceedings against plaintiff by the

NASD and are to the effect that such proceedings were unlawfully instituted and conducted, and intended to harass and deprive plaintiff of his business and have defamed plaintiff's business reputation. His allegations of damage are based upon alleged substantive and procedural defects in said proceedings. This action, therefore, basically involves a review of the NASD proceedings. If the proceedings terminated with a finding that the charges against plaintiff were true, and such finding was affirmed by the Securities and Exchange Commission and the federal court (if appeals to them were made) such finding would be a complete defense to this action.

2. *Prejudice.*

 Plaintiff's charges of prejudice on the part of the trial judge are completely unfounded. Principally they grow out of the court's refusal at argument on the demurrer to permit plaintiff to read his "Answer" to the demurrer and his "Memorandum of Evidence and Facts." With extreme patience the court explained to plaintiff that in considering a demurrer to the complaint the court must assume that the facts stated in the complaint were true and therefore there was no place for evidence to support the allegations. Plaintiff either did not or would not understand. This is another case in which a propria persona insists on presenting issues and arguments not supported by the law but only by the propria persona's rabid insistence of what he would like the law to be. We deem it unnecessary to discuss further the several charges of prejudice made by plaintiff other than to refer to one of the charges of prejudice made by plaintiff which is typical so far as foundation of prejudice is concerned, of all of them. The court entered a minute order sustaining the demurrer. Thereafter a judgment was entered thereon. Plaintiff says that thereby, due to the court's prejudice against him, the court twice decided the case against him, and moreover entered the judgment against him in his absence. Once the court determined that the demurrer was good (and its determination was a proper one) the procedure was correct. An order sustaining a demurrer without leave to amend is not a final judgment and is not appealable. It is followed as a matter of course by a judgment of dismissal, which is made and entered in the absence of both parties, and which is appealable (*Berri* v. *Superior Court,* 43 Cal.2d 856, 860 [279 P.2d 8] ; 2 Witkin, California Procedure, p. 1496.)

In his brief plaintiff states that subsequent to the judgment NASD sent him a second bill for dues and a "bill for the cost of the hearing" (presumably the cost bill in the case). These facts, says plaintiff, prove his innocence and that the superior court had jurisdiction of the subject matter of the case. We fail to follow his reasoning. Further, plaintiff states that since the judgment defendants unsuccessfully attempted in the trial court to dismiss the action for failure of plaintiff to provide security under section 830, Code of Civil Procedure (requiring an undertaking by plaintiff in a defamation action —plaintiff had theretofore deposited $500 pursuant to that section). This fact, says plaintiff, coupled with other actions of defendants, also proves plaintiff's innocence. Again we are unable to follow plaintiff's reasoning. Moreover, matters occurring subsequent to the judgment and of the type here are irrelevant to the appeal. (*Solomon* v. *Solomon* (1953), 118 Cal.App.2d 149, 155 [257 P.2d 760].)

For the foregoing reasons the court properly sustained the demurrer without leave to amend.

In view of our decision, it is unnecessary to discuss defendant's contention that the alleged actions of defendants were privileged and hence the complaint was demurrable on that ground.

The appeal from the order is dismissed. The judgment is affirmed.

Tobriner, J., and Duniway, J., concurred.

A petition for a rehearing was denied March 24, 1960, and appellant's petition for a hearing by the Supreme Court was denied April 20, 1960.