[Civ. No. 25326. Second Dist., Div. One. Sept. 1, 1961.]

PAUL C. RUDOLPH et al., Appellants, v. THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. (a Nonprofit Corporation), Respondent.

Paul C. Rudolph and Rev. Dr. Ariya Dhamma Thera, in pro. per., for Appellants.

O'Melveny & Myers for Respondent.

WOOD, P. J.—The demurrer to the second amended complaint was sustained without leave to amend. Plaintiffs' notice of appeal will be regarded as a notice of appeal from the judgment of dismissal which was based on the order sustaining the demurrer.

At the beginning of the second amended complaint there is a heading entitled, "Statement of the Case." Under that heading plaintiffs quoted a statement which allegedly was made by defense counsel in the case of *"Rudolph* v. *Fulton,"* in the District Court of Appeal at San Francisco.[1] Then plaintiffs alleged that said statement indicates that the defendant herein is not entitled to immunity "from a civil suit" by a citizen; that proof of said statement "is based" on certain exhibits which are a part of the complaint; that even if plaintiff Rudolph was a member of defendant company while his firm was "run out of the business" by defendant through fraud and deceit, the defendant cannot hold him to "their disciplinary procedures with their assumption" that defendant is an agency of the federal government; that said statement of defense counsel was "discarded" (disregarded) and the judgment on appeal was based only on the record of the superior court. Then plaintiffs set forth an extended quotation from a Michigan case regarding freedom and civil rights.

Then plaintiffs alleged that they "repeat" their first amended complaint. (The first amended complaint—as to which a demurrer had been sustained—is then set forth verbatim, as the remainder or final part of the second amended complaint.)

The first amended complaint, as so set forth, was in substance, as follows: Defendant was incorporated in Delaware as a private nonprofit corporation, and for the past 23 years it has fraudulently carried on business throughout the United States as a public nonprofit corporation. It has collected millions of dollars from its members "under cover" of section 15a of the Securities and Exchange Act, and it has used compulsory powers to punish its members by "undue" fines and enormous assessments. It is utilizing powers which, under said section 15a, were meant for a public corporation that was incorporated under the federal statute, whereas it was not incorporated under any federal statute. It functions in the name of the federal government without authorization. It

[1]Apparently referring to case of *Rudolph* v. *Fulton,* 178 Cal.App.2d 339 [2 Cal.Rptr. 807].

collects enormous fines, assessments, and membership dues, and these actions prove that defendant is a profit-making organization. Defendant pretends that it is a nonprofit corporation in order to avoid paying federal and state income taxes by utilizing the exemption granted to nonprofit corporations. Defendant has deceived the plaintiffs, the public, the state government, and the federal government by incorporating in Delaware as a nonprofit corporation and by registering with the Securities and Exchange Commission as a public nonprofit corporation. All the acts of defendant are unlawful, fraudulent, and malicious. The acts of defendant, as set forth above, have given plaintiffs cause to sue defendant, under section 3294 of the ''Code of Civil Procedure [Civil Code]'' for punitive damages in the amount of $1,000,000 for defendant's fraudulent, oppressive, and malicious actions toward plaintiff Rudolph's firm. The acts of defendant forced plaintiff Rudolph to close his business, and he lost his connections with a big clientele. The acts of defendant ruined his career as a business man and led to fear and frustration, which crippled his mental and physical ability to function as a normal human being.

In a second alleged cause of action, plaintiff Thera incorporated by reference all the allegations of the first alleged cause of action except the allegations regarding damages. He also alleged that, for a period of four years, he had been responsible for maintaining and rehabilitating plaintiff Rudolph ''all to the damage of Plaintiff Thera in a sum presently unknown . . . but when the same becomes known, he will pray leave of court to amend his complaint and insert the same.'' He alleged further that certain documentary evidence, concerning the incorporation and change of name of defendant, is attached to the second amended complaint.

It thus appears that the second amended complaint is the same as the first amended complaint except that a ''Statement of the Case'' is included in the second amended complaint as a preface to a repetition of the first amended complaint. As hereinabove shown, that preface or new matter in the second amended complaint included a quoted portion of a statement allegedly made by the defense counsel in a hearing on appeal at San Francisco. That statement was in substance that defendant is a nonprofit corporation, and probably it would have to be called a private corporation because it is not incorporated under any federal statute. In that preface, plaintiffs

then presented an argument to the effect (1) that the statement indicates that defendant is not entitled to immunity, (2) that proof of the statement is shown by exhibits attached to the complaint, (3) that defendant is not an agency of the federal government, and (4) that the court on the former appeal disregarded the statement. The remainder of the preface was an extended quotation from a Michigan case. In other words, the new material in the second amended complaint, consisting of quotations and argument, is in the nature of a brief rather than a pleading, and it is of no significance with respect to stating a cause of action.

The remainder of the second amended complaint was a copy of the first amended complaint—to which a demurrer had been sustained. In other words, the plaintiffs (appellants) in amending their first amended complaint, pursuant to leave of court, merely added the immaterial preface, above mentioned, to a copy of the demurrable first amended complaint.

The remainder of the second amended complaint (i.e., the copy of the first amended complaint) is unintelligible and it does not state a cause of action. It seems that the statements set forth (in the asserted first cause of action) indicate an attempt to allege that although the defendant is a nonprofit corporation under state laws, it has been conducting a profit-making corporation under federal laws, and that, by reason thereof, the plaintiffs have been damaged. There is no allegation of fact showing in what manner, if any, that such alleged status of defendant or such alleged manner of transacting business affected plaintiffs. It is not alleged that either plaintiff is a member of defendant company or that either one is a security broker. There is no allegation of fact to the effect that defendant is liable to either plaintiff by reason of any contractual obligation or tort liability. The allegations seem to indicate that plaintiffs commenced this action merely as members of the public to recover damages by reason of the alleged failure of defendant to conduct its business in accordance with law.

There is an allegation in the second amended complaint which states in effect that defendant cannot hold plaintiff Rudolph ''to their disciplinary procedure'' upon the assumption that defendant is an agency of the federal government. That allegation, of course, is not an allegation that the defendant held or attempted to hold disciplinary proceedings with reference to plaintiff Rudolph. There is an

implication in that allegation that disciplinary proceedings of defendant with reference to plaintiff Rudolph were in some way related to plaintiff Rudolph's claim for damages. In plaintiffs' brief they refer to the case of *Rudolph* v. *Fulton* which was referred to in the second amended complaint as having been on appeal in the First Appellate District. In that case (*Rudolph* v. *Fulton*) which is reported in 178 Cal. App.2d 339 [2 Cal.Rptr. 807], plaintiff Rudolph herein was the plaintiff, and the defendant herein and its officers were the defendants. Plaintiff Rudolph therein alleged that defendant's officers had initiated disciplinary proceedings against him; and he sought damages on the alleged ground that the proceedings were false, unlawful, and unfairly conducted. A demurrer to the complaint therein was sustained without leave to amend. On appeal therein by plaintiff Rudolph from the judgment of dismissal, the judgment was affirmed. It appears that the matter of disciplinary proceedings, as might be implied in the present case, was adjudicated in said former case.

Plaintiff Thera's purported cause of action for money for his alleged services in maintaining and rehabilitating plaintiff Rudolph does not state a cause of action. There is no allegation of any fact from which it can be determined that defendant was under any obligation to pay money for such services.

Appellants assert that the trial judge erred in not having a reporter record the court proceedings at the time of the hearing on demurrer. It does not appear that either appellant requested that the proceedings be reported. The judge was not required to have the proceedings reported. There was no error in not having the proceedings reported.

The court did not err in sustaining the demurrer without leave to amend.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.